### STUART v. STATE.

#### Opinion delivered September 25, 1916.

LIQUOR—ILLEGAL SALE—ACT OF INTERMEDIARY.—Appellant, knowing that one C., who had whiskey for sale, would not sell the same to one F., went to C., procured a quart of whiskey, delivered the same to F., received pay therefor and handed the amount so received to C. Held, appellant was guilty of a violation of Act 30, p. 98, Acts of 1915.

Appeal from Hempstead Circuit Court; George R. Haynie, Judge; affirmed.

O. A. Graves for appellant.

1. The court should have directed a verdict of not guilty, because, the most that can be said of the evidence is that it shows that appellant aided the buyer in procuring the whiskey, confining his participation in the transaction exclusively to the buying, and not to the selling. Wilson v. State, MS. Op. June 19, 1916; 114 Ark. 391; 101 Ark. 569; 90 Ark. 579; Id. 589; 68 Ark. 468.

2.  If this was a case for the jury, the only proper question to be submitted to them was whether or not the appellant was interested, directly or indirectly in the sale, or, in good faith, confined himself exclusively to the buying.  *Supra.*

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1.  This was not a proper case for a directed verdict of acquittal.  The appellant was not charged with the procurement of liquor for another, but with the sale of it.  The evidence establishes a sale.  Act No. 30, Sec. 2, Acts 1915; 90 Ark. 579, 582; 105 Ark. 465.

2.  Appellant was not prejudiced by the refusal to give the instruction requested.  In an instruction given, the jury were specifically instructed that, before finding the defendant guilty, they must find either that he made the sale or was interested, directly or indirectly, in the sale.  114 Ark. 392.

HART, J.  Ed Stuart was indicted, tried and convicted for a violation of Act No. 30 of the Acts of 1915, making it a felony to manufacture, sell or give away, or be interested directly, or indirectly, in the manufacture, sale or giving away of intoxicating liquors.  (Acts of 1915, page 98.)  The case is here on appeal.

The testimony on the part of the State tended to show that in February, 1916, Buster Flanagin purchased a quart of whiskey from the defendant, in Hempstead County, Arkansas, and paid him therefor one dollar and fifty cents.

Ed Stuart, the defendant, testified for himself substantially as follows:

Buster Flanagin met me in Columbus in Hempstead County and wanted to know if I knew where he might get any whiskey.  I told him yes.  He said that Henry Cheatham had quit letting him have it.  I went on down the road to where Henry Cheatham lived and got a quart of whiskey from him.  I carried it back and delivered it to Buster Flanagin.  He paid me one dollar and fifty

cents for the whiskey and I carried the money and gave it to Henry Cheatham.

A reversal of the judgment of conviction is asked by counsel for the defendant on the ground that the court erred in refusing to give to the jury a certain instruction asked for by him. We need not consider whether or not the court should have given the instruction; for the defendant under his own testimony was guilty. He admitted that he knew that Henry Cheatham would not sell the whiskey to Buster Flanagin but that he would let him have it. The defendant's own testimony thus shows that he was a necessary factor in making the sale and that he acted for the seller as well as the buyer. In other words he admits that he knew that Henry Cheatham would not sell to Buster Flanagin but would let him have the whiskey. He acted as intermediary in making the sale and was interested in the sale of the liquor within the rule announced in the cases of *Dale* v. *State*, 90 Ark. 579, and *Bobo* v. *State*, 105 Ark. 462. See also *Wilson* v. *State*, 124 Ark. 477.

The defendant being, according to his own testimony, guilty of the offense for which he was being tried, he was not prejudiced by the refusal of the court to give the instruction complained of. Therefore, the judgment will be affirmed.