## HARRIS *v.* STATE.

### [74 South. 323, Division A.]

1. INTOXICATING LIQUORS. *Prosecution. Evidence. Sufficiency.*
   A party cannot be convicted of the illegal sale of intoxicating liquors, where he only aided the purchaser in buying the whiskey.
2. SAME.
   It not being a violation of law for a person to purchase intoxicating liquor, there can be no violation of the law by merely aiding the purchaser in buying the liquor at his instance.

APPEAL from the circuit court of Tishomingo county. HON. CLAUDE CLAYTON, Judge.

Claude Harris was convicted of selling intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*J. A. Cunningham,* for appellant.

A close examination of this record reveals that the court erred in instructing the jury for the state upon the theory of the defendant's aiding someone else in the sale. It is too elementary for discussion that some evidence must be adduced by the state to justify an instruction upon any given theory, viz.; there must exist some evidence of a *corpus delicti.* and some evidence of a criminal agency.

There is not one scintilla of proof in this record that appellant Charley Harris rendered any aid whatever to any person in this unlawful selling of whiskey in controversy.

This is one of that class of cases where no criminal agency is shown by the evidence of any witnesses whatever. It is observable that it was developed on cross examination fully and completely that none of these witnesses could say that the appellant sold any whiskey on this occasion, and not one of them would say that the appellant, Harris, had ever seen or had any connection whatever with the party who did make the sale.

It is manifest from this record that the state did not have to show anything more than a mere suspicion, and the same went to the jury on instructions, which was a flagrant violation of the appellant's rights, and we earnestly insist that the cause should be reversed, and the young man given an opportunity to put on his witnesses and show his theory of his defense.

*Ross A. Collins,* Attorney-General, for appellee.

There was no error in the trial court granting the instruction for the state upon the theory that defendant aided in the sale of intoxicating liquors. He was charged with a misdemeanor, and, since there are no accessories in misdemeanors but all who aid in or incite the commission are principals, it is immaterial whether he did the actual selling, or aided therein. *Williams* v. *State,* 12 S. & M. 663.

HOLDEN, J., delivered the opinion of the court.

The appellant, Charles Harris, was indicted and convicted in the circuit court of Tishomingo county on the charge of selling intoxicating liquors. He appeals here, and contends that the lower court erred in not excluding the testimony offered by the state and discharging him, because, he contends, the testimony was insufficient to establish his guilt as charged in the indictment.

The testimony introduced by the state at the trial shows that three young white men, Allie Brown, W. H. Clay, and Dalton Harris, went to the appellant's house in a buggy one afternoon about dark for the purpose of purchasing some whisky. They stopped a little distance down the road from appellant's house, and Allie Brown went in quest of the liquor. He went up to the appellant's house and gave him the money for the whisky which he desired to purchase, and appellant walked off a few steps, but returned and handed back the money to Brown, stating that "he did not have any whisky, but

there was another fellow up there who had some whisky and he would tell him to bring the whisky to us." Allie Brown then returned to the road about thirty yards behind the buggy and waited there until some man unknown to him came with a quart of whisky, which he received and paid for.

With this testimony before the jury, the court instructed the jury that, if they believed from the evidence beyond a reasonable doubt that Charley Harris aided or abetted or assisted in the unlawful sale of liquor at the time and place alleged in the indictment, then they would find him guilty as charged. The jury found the defendant "guilty of aiding and assisting in the unlawful sale of intoxicating liquor."

It will be observed that the charge here is not that the appellant was acting as "agent" in the sale of the liquor, but he is charged with selling the liquor. The proof offered by the state does not sustain the charge in the indictment, as the testimony does not show that the appellant did anything in aid of the sale of the liquor. All that the appellant did, if he did anything at all after leaving Witness Brown, was to aid the purchaser in buying the whisky. And it being no violation of law for a person to purchase liquor, there can be no violation of the law by the appellant here in merely aiding the purchaser in buying the liquor at his instance. Such a state of facts may at some time in the future constitute a violation of law, should the legislature see proper to enact a law penalizing the purchaser as well as the seller of liquor.

In view of the above conclusions, we are compelled to hold that the proof offered by the state in the lower court was insufficient to sustain the indictment, and therefore the lower court erred in refusing to exclude the testimony of the state and discharging the appellant.

The judgment of the lower court is reversed, and the appellant discharged.

*Reversed.*