## WILSON *v.* STATE.

### Opinion delivered July 2, 1917.

1.  LIQUOR—ILLEGAL SALE—TIME—PROOF.—A conviction for the illegal sale of liquor held erroneous, because of lack of proof that the sale occurred after the passage of the act under which the indictment was found.

2.  LIQUOR—ILLEGAL SALE—ACT OF INTERMEDIARY.—One who acts as the intermediary between the purchaser and the seller is a necessary factor, without which the sale could not have been consummated; he is interested in the sale in the sense of the law, whether he had any pecuniary interest or not; but if his interest is solely in the purchase, and his efforts are directed solely to buying or aiding in the purchase and not in the sale, he is not guilty under Act 30, Acts 1915.

Appeal from Prairie Circuit Court, Northern District; *Thomas C. Trimble,* Judge; reversed.

*Emmet Vaughan,* for appellant.

1.   Under the evidence, if defendant is guilty of any crime, it is for violation of Kirby's Dig., § 5135, making it a misdemeanor to *procure* intoxicating liquors for another.   But he was not indicted for that offense, but the indictment was under section 2, Act No. 30, Acts 1915, page 98.   This act does not repeal section 5135 *supra.* The act does not apply to this case.   Defendant merely *purchased* liquor for others as agent; he did not *sell* any. 90 Ark. 589; 72 *Id.* 14.   The penalties of the law are against the seller and not against one who buys.   90 Ark. 579; *Ib.* 589; 12 Cyc. 447; 124 Ark. 447; 124 Ark. 20. There is no evidence of the date of sale, which is material. If before January 1, 1916, it was not a felony.

2.   The verdict is contrary to law.   Instruction No. 1 should have been given for defendant.   No. 2 is the law applicable to the facts of this case.   188 S. W. 815.   No. 3 should have been given as asked by defendant.   If de-

fendant only aided in the *purchase* of whiskey, he was not guilty. 124 Ark. 20.

3. One who acts as the agent or messenger of another in purchasing liquor is not guilty of making a sale, within the meaning of the prohibitory statute. 90 Ark. 579, 589; 25 Conn. 40; 25 Fla. 25; 52 *Id.* 409; 100 Ga. 579; 107 *Id.* 693; 127 *Id.* 283; 15 Ill. App. 288 135 Iowa, 523; 83 Kan. 183; 140 Ky. 146; 143 *Id.* 355; 115 Mo. 428; 60 Tex. Cr. 611; Ann. Cas. 1912 C 634.

There is no evidence that appellant sold the whiskey.

4. The court erred in instructing the jury upon the weight and sufficiency of the evidence.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence shows a typical case of bootlegging. Appellant acted as the agent of the seller and the procurer or intermediary. It was not necessary for appellant to have a pecuniary or financial interest in the liquor or transaction, any interest or motive will be deemed sufficient. Both Kent and appellant were guilty. 125 Ark. 232; 105 *Id.* 462.

2. There is no error in the instructions. The remarks of the court can not be complained of. McDaniel was appellant's witness. The guilt of appellant was clearly established by his own witness and himself, and the instructions and comments of the court are immaterial. 104 Ark. 317; 93 *Id.* 313; 81 *Id.* 247; 73 *Id.* 453; 72 *Id.* 613.

3. There is no proof in the record as to when the sale occurred. The burden was on the State to show that it occurred between January 1, 1916, and the time of the finding of the indictment. There is an utter lack of proof and a reversal is imperative. Act No. 30, Acts 1915, p. 98; 38 Ark. 524; 77 *Id.* 441.

### STATEMENT BY THE COURT.

Appellant was convicted under an indictment in correct form which charged him with unlawfully and feloniously selling and being interested in the sale of intoxi-

cating liquors, on or about the ............... day of March, 1916, contrary to the provisions of Act No. 30 of the Acts of 1915.

Witness George Brightman, on behalf of the State, testified that Wilson told witness where he could get some booze. Witness went to the place designated and sat down and in a little while appellant and one Kent came back. Witness, the appellant and Kent sat down on a bench, appellant being between witness and Kent. Witness handed appellant a dollar and appellant slipped the booze over to witness. Appellant reached over like he was giving the dollar to Mr. Kent and witness thought he dropped it in Kent's hand and got the whiskey from Kent and slipped it around behind the witness. This occurred in about half an hour after witness asked the appellant about the booze. When witness asked where he could get some booze appellant said he might find some. Witness did not tell him where to go. Witness never bought any whiskey from Kent before that time. Witness told appellant to go and get him some whiskey. Dock McDaniel was with witness on that occasion.

McDaniel was introduced as a witness for the defense and testified that he met the appellant that night; that he was with George Brightman. He asked appellant if he could get witness some whiskey. Appellant replied that he didn't know, he would try to. Witness and George Brightman gave appellant a half dollar apiece; that Mr. Kent came along; that they were standing right close to where the railroad crossing is. Appellant spoke to Kent. Witness was about ten feet from Kent and appellant. Kent and appellant walked on down the road a piece, and appellant and Kent were standing there talking to some other colored fellows, and after they got through talking they came on back to where witness and Brightman were waiting and appellant handed Brightman the whiskey and witness and Brightman walked off and drank it.

Appellant himself testified as follows: "Mr. Brightman met me out in the middle of the street and says,

'Henry, do you know where I can get some booze?' I says, 'Mr. Brightman, I don't sell no booze.' He says, 'I know you don't, Henry. Mr. Kent has some and he won't sell that. I thought you knew where you could get some.' And I says, 'I don't know whether I can or not.' Mr. Kent was coming down the street, and I says, 'Wait and I will see;' and I spoke to Mr. Kent, and he crossed the railroad track and goes right down towards Beine creek, and he was not gone but a little while and come back to where George Brightman, George Loving and I were sitting on the bench. The bench was just like that, and I sat right there. Mr. Brightman sat right there. George Loving sat right there. The bench extended out like that, and Mr. Kent sat down on the end of the bench. Mr. Kent pushed the whiskey behind me like that, and Mr. Brightman reaches behind me and gets the whiskey and puts the dollar down here. He intended to put it on my leg but I knocked it off. Mr. Kent got the dollar from behind me and I never did touch the whiskey.''

The court instructed the jury, in substance, that it was material for the State to prove the charge as alleged; that if appellant sold the whiskey or was interested in the sale, either directly or indirectly, or if he aided any one to bring about a sale to another, he would be guilty; that if money was given appellant to procure whiskey from some one unknown to the party who wanted to buy, or if the party who wanted to buy did not know where he could get the whiskey and appellant went and procured the whiskey from some one unknown to the buyer he became the agent of the seller and was equally as guilty, and if the jury believed that such were the facts beyond a reasonable doubt they should convict the appellant and assess his punishment at one year in the penitentiary.

Appellant requested the court to tell the jury that as a matter of law before they could convict they must find from the evidence that appellant was interested either directly or indirectly in the sale of intoxicating liquors as charged in the indictment; and further asked the court to tell the jury that the term ''directly or indi-

rectly interested" means that defendant must have some interest in the sale, and that if they found from the evidence that appellant acted simply as an intermediary between the purchaser and seller and had no interest directly or indirectly in the sale he would not be guilty. In other words, if the jury found from the evidence that Brightman gave the money to appellant with which to purchase the said liquor, and that the appellant purchased the same and delivered it to Brightman, appellant was the agent of Brightman, and would not be guilty unless the jury further found from the testimony, beyond a reasonable doubt, that defendant was interested directly or indirectly in the sale.

The third prayer of appellant was as follows: "You are instructed that an indictment for the illegal sale of whiskey is not supported by testimony which only establishes the fact that defendant only aided in the purchase of whiskey."

The court refused these prayers.

WOOD, J., (after stating the facts). (1) Appellant contends that there was no evidence to show that the alleged offense was committed after the passage of the act under which the appellant was indicted and convicted. This contention the Attorney General concedes to be true, and we find upon examination of the record that the confession of error of the Attorney General is well taken. The testimony fails to show the date upon which the sale is alleged to have taken place. There is no testimony to prove that the alleged sale occurred after the passage of the law under which appellant was convicted. The burden was upon the State to show this. *Gill* v. *State*, 38 Ark. 524. The act took effect the first of January, 1916. The indictment charges that the sale was in March, 1916, but there is no proof of the allegation. *Steel* v. *State*, 77 Ark. 441.

(2) In view of a new trial it is sufficient to say that we find no error in the rulings of the court in giving or refusing instructions. The instructions given conform to

the law as already announced by this court in several cases. *Williams* v. *State,* 129 Ark. 344; *Stuart* v. *State,* 125 Ark. 232; *Bobo* v. *State,* 105 Ark. 462, and cases there cited.

The court did not err in refusing appellant's prayer for instruction No. 1, for the reason that it was covered by the instructions which the court gave. The prayers for instructions on the part of the appellant were not in correct form and were calculated to mislead the jury.

As one who acts as the intermediary between the purchaser and the seller is a necessary factor, without which the sale could not have been consummated, he is interested in the sale in the sense of the law, whether he had any pecuniary interest or not. But if one who is intermediary between the purchaser and the seller in effecting a sale of liquor acts solely as the agent or messenger of the purchaser, and does not in any manner assist the seller, and has no pecuniary or other interest in the sale, he is not guilty under the statute. In other words, if his interest is solely in the purchase and his efforts are directed solely to buying or aiding in the purchase and not in the sale, he is not guilty, for our statute does not make it unlawful to purchase liquor. *Dale* v. *State,* 90 Ark. 579; *Fenix* v. *State,* 90 Ark. 589; *Whitmore* v. *State,* 72 Ark. 14; *Payne* v. *State,* 124 Ark. 20, 24.

To be interested in the sale of liquor in the sense of the statute, is any interest whatever, pecuniary or otherwise, that operates as a motive and induces one to sell or to play a part in bringing about the sale of the prohibited liquors.

The remarks of the court to which objection is urged will not likely be repeated on another trial, and therefore we do not comment upon them.

For the error indicated the judgment is reversed and the cause remanded for a new trial.