IN THE MATTER OF M. T. JANUARY, Petitioner.

In Banc, December 6, 1922.

1. **WITNESS: Refusing to Testify: Incrimination: Purchasing Intoxicating Liquor.** A witness subpœnaed before a grand jury and asked if he has purchased intoxicating liquor within the last twelve months has a right to refuse to answer on the ground that any answer thereto might tend to incriminate him, and to place his refusal on the exemption guaranteed by Section 23 of Article 2 of the Missouri Constitution declaring that "no person shall be compelled to testify against himself in a criminal case."

2. ———: ———: ———: ———: **Transportation: Possession: Link in Chain of Criminal Circumstances.** The statute (Sec. 6588, R. S. 1919; Laws 1921, p. 414) makes either possession or transportation of intoxicating liquors a crime, and the purchase of such liquor may form a link of a chain of circumstances which will tend to prove either offense; and since the statute grants no immunity to a witness who testifies to any fact that may convict another of the offense, and since the Constitution declares that "no person shall be compelled to testify against himself in a criminal case," a witness who refuses to answer an inquiry by the grand jury whether or not he has purchased intoxicating liquor in the county within the last twelve months has a right to refuse to answer on the ground that his answer may tend to incriminate him, and having claimed the constitutional privilege cannot be imprisoned for contempt for a refusal to answer.

*Habeas Corpus.*

PETITIONER DISCHARGED.

*W. M. Bowker* for petitioner.

(1)   No one can be compelled to give evidence in any sort of a proceeding that would tend to incriminate him or furnish any link in a chain of circumstances that might lead to his conviction of any criminal offense. Sec. 23, Art. 2, Mo. Constitution; Ex parte Gauss, 223 Mo. 277; Ex parte Carter, 166 Mo. 604. (2)   A judgment finding a person guilty of contempt is not con-

clusive as to the facts stated therein, and upon *habeas corpus* the petitioner has a right to show that he was not guilty of contempt as charged by evidence *aliunde* the judgment and commitment. Ex parte Creecy, 243 Mo. 679; In re Howell, 273 Mo. 96. (3) If the question propounded to the witness is of such character that an answer might or might not incriminate the witness, it must rest with the witness to determine whether or not the answer to it would have such tendency, and in such case the court cannot compel him to answer. And it is further held that a witness cannot be compelled to furnish any one of the many links necessary to convict him of a crime. Ex parte Gauss, 223 Mo. 277. (4) Under the provisions of Section 6588 as amended by Laws 1921, page 414, it is made a crime for any person to either sell, possess, give away or transport intoxicating liquors within the State of Missouri. The only exception said statute provides is "possession of intoxicating liquor in the private residence of the owner thereof when such intoxicating liquor has been lawfully acquired and being lawfully used."

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent; *Ellison A. Poulton* of counsel.

(1) Where the sale of intoxicating liquor is a crime under the prohibitory law, the purchaser is not a participant in the crime and he cannot excuse himself from testifying as to such purchase made by him, on the ground that his testimony would tend to incriminate him. Wakeman v. Chambers, 69 Iowa, 169; State v. Teahan, 50 Conn. 92; State v. Rand, 51 N. H. 361; Ex parte Armstrong, 30 N. B. (Canada) 423; Ex parte Barker, 30 N. B. (Canada) 406; State v. Cullins, 53 Kan. 100; Wilson v. State, 130 Ark. 204; Harris v. State, 113 Miss. 457; Lott v. United States, 205 Fed. 28. (2) The prohibitory act does not make the purchase of intoxicating liquor a crime. R. S. 1919, sec. 6588, as amended

by Laws 1921, pp. 413-414. (3) It is the province of the court to determine in the first instance under all the circumstances of the case whether any direct answer to a proposed question has a tendency to criminate a witness; and, it is the duty of the court, while it protects the witness in .the due exercise of his privilege, to take care that he does not, under the pretense of defending himself, screen others from justice or withhold evidence which he may safely give. Ward v. State, 2 Mo. 120; In re Moser, 138 Mich. 302; Ex·parte Irvine, 74 Fed. 954; Mason v. United States, 244 U. S. 366. (4) By resorting to a suit in *habeas corpus,* petitioner has elected to meet the presumption, which the present record does not exclude, that the trial court regularly and properly exercised whatever authority it had in the premises; and he has assumed the burden of showing that the order of commitment is void because the court was without authority to make it, in view of his claim that his answer to the question would incriminate him. Ex parte McBride, 158 Mo. App. 457; McGorray v. Sutter, 80 Ohio St. 407. (5) Since the purchase of intoxicating liquor is not a crime, and since an affirmative answer to the question propounded would show neither possession nor transportation of intoxicating liquor, an affirmative answer to this question would not tend to incriminate the witness. Ex parte Holliway, 272 Mo. 108, 115.

WOODSON, C. J.—This is an original proceeding instituted in this court for a writ of *habeas corpus* begun by the petitioner, alleging that he is illegally deprived of liberty by the Sheriff of Vernon County, Missouri. The facts of the case are undisputed, and agreed upon by the parties litigant. The petition for the writ reads as follows:

"Now comes M. T. January, and states to the court that he is illegally deprived of his liberty by the defendant, W. W. Marshall, Sheriff of Vernon County, Missouri; that he is being held in custody and restraint

of his liberty by the said W. W. Marshall, Sheriff of Vernon County, Missouri, at Nevada, Missouri.

"The petition states that the facts under which he is restrained of his liberty, arose as follows:

"That he, M. T. January, at the October term, 1922, of the Circuit Court of Vernon County, Missouri, was subpoenaed as a witness before the grand jury of Vernon County, Missouri, at one of its regular sessions, held on the fifth day of October, 1922; that the question was propounded to him by the foreman of said grand jury, asking him whether or not he had purchased any intoxicating liquor within the last year; that he refused to answer said question, claiming the protection of Section 23, Article 2, of the Constitution of Missouri, that no person is required in a criminal case to give evidence against himself; and that he was taken by the foreman of said grand jury before the Hon. B. G. Thurman, Circuit Judge for said County, and was questioned by said Judge of the Court in regard to said matter; that in the presence of said court he reiterated his refusal to answer said question before the grand jury, for the same reason; that thereupon said Judge of said Court found and adjudged him guilty of contempt of court, and issued a commitment directed to the Sheriff of Vernon County, Missouri, committing him to jail until he purge himself of said contempt.

"That at the time he was asked said question by the foreman of the grand jury and declined to answer the same, he stated to the foreman of the grand jury that he refused to answer the same on the ground that an answer might tend to incriminate him, and that his declination was based upon his constitutional rights guaranteed him under the Constitution of the State of Missouri; that he stated the same to the Judge of the Circuit Court of Vernon County, Missouri, at the time he was questioned by said judge in regard to said matter.

"Petitioner states that the grand jury or the Circuit Judge of Vernon County, Missouri, had no right

to require him to answer said question after he claimed the privilege guaranteed him by the Constitution of the State of Missouri.

"Wherefore, your petitioner prays the court to quash said commitment issued against him, a copy of which is hereto attached, and that the petitioner be given his liberty and be freed from said illegal restraint."

This petition was duly verified by the petitioner.

Upon the foregoing application being filed in and presented to this court, the writ in due form was issued, and directed to W. W. Marshall, Sheriff of Vernon County, and was duly served upon him. In due time the said sheriff made the following return to said writ:

"Now comes W. W. Marshall, Sheriff of Vernon County, Missouri, and for his return to the writ of *habeas corpus* issued and served upon him herein, states that the prisoner, M. T. January, was placed in his custody on the 5th day of October, 1922, by and under authority of a certain warrant of commitment as set forth in a certified copy of an order and judgment of the Circuit Court of Vernon County, Missouri, directing that said M. T. January stand committed to the county jail of said county for contempt of said court, as set forth in said order, and there to remain until he manifests a disposition to purge himself of said contempt, said warrant and commitment being in words and figures as follows, to-wit:"

Then follows, as a part of the return, a copy of the records of the Circuit Court of Vernon County, relating to the order adjudging the petitioner guilty of contempt:

"CIRCUIT COURT RECORD, VERNON COUNTY, MISSOURI.

"Thursday, October 5, 1922, 4th day of October Term.

"State of Missouri, Plaintiff,
          "vs.
"M. T. January, Defendant.

295 Mo.—42

"Now on this 5th day of October, 1922, it being the 4th day of the regular October Term, 1922, of this court, it appearing to the court that M. T. January, a witness before the grand jury of this county, refused to answer a proper question, to-wit: 'whether or not he had bought intoxicating liquor in Vernon County, Missouri, at any time during the last twelve months,' and the said M. T. January after being ordered by the court to answer the question, refused to do so.

"It is therefore ordered by the court that said M. T. January, be committed and stand committed to imprisonment in the county jail for contempt of court, for refusing to answer said question before said grand jury, and that the sheriff of this county take and place the said M. T. January in said county jail and there to remain until he manifest a disposition to purge himself of the contempt by his testifying as ordered."

In addition to the above return the sheriff, in obedience to the writ issued by this court, produced the body of the petitioner before this court to be dealt with according to law. All of which was duly verified by the sheriff.

Thereafter and on the 14th day of October, 1922, petitioner filed his answer to said return, which said answer, omitting caption, is in words and figures as follows:

"Now comes M. T. January, and, being duly sworn upon his oath, for answer to the return of W. W. Marshall, Sheriff of Vernon County, Missouri, states: that petitioner denies that he was guilty of a contempt of the Circuit Court of Vernon County, Missouri, as set out in said return; and further alleges the facts to be as follows:

"It is true that on the fifth day of October, 1922, he was a witness before the grand jury of Vernon County, Missouri, and that the question was asked him, whether or not he had bought intoxicating liquor in Vernon County, Missouri, at any time during the last twelve months,

and that he refused to answer said question; and so
stated to the grand jury at the time, on the ground that
an answer to the same might incriminate him, and that
he claimed his right to refuse to answer under and by
virtue of the provisions of Section 23 of Article 2 of
the Constitution of the State of Missouri.

"Petitioner further states that when he was taken
before the Circuit Judge of Vernon County, Missouri,
by the foreman of the grand jury, he again claimed his
exemptions and right to refuse to answer said question
upon the same grounds, to-wit; that the answer might
incriminate him, and that he had a right to refuse to
answer said question under the provisions of said Sec-
tion 23 of Article 2 of the Constitution of the State of
Missouri, and that the petitioner made such claim to the
said Hon. B. G. Thurman, Judge of said Circuit Court
at the time.

"Petitioner states that he was entitled to refuse to
answer said question, and that the said Judge of the
said Circuit Court of Vernon County, Missouri, had no
right to adjudge him guilty of contempt for refusal to
do so, and that, for said reasons, said judgment and com-
mitment are null and void.

"Wherefore your petitioner prays the court to quash
said commitment and discharge him from the custody of
said W. W. Marshall, Sheriff of Vernon County, Mis-
souri."

Which was duly signed and sworn to by the peti-
tioner.

Upon this answer being filed in this court the par-
ties to the action entered into an agreed statement of
the facts of the case which is as follows:

"It is hereby agreed by and between petitioner,
M. T. January, and the respondent, W. W. Marshall,
Sheriff of Vernon County, Missouri, that the facts in re-
gard to said cause now pending in the Supreme Court of
Missouri, are as follows; and that the court, upon the
petition, return and answer, may determine the same
upon this statement of facts:

"First: It is agreed that the said M. T. January is in the custody of respondent, W. W. Marshall, Sheriff of Vernon County, Missouri, under and by virtue of a commitment issued by the Circuit Judge of Vernon County, Missouri, a copy of which is set out in respondent's return.

"And it is further admitted that, the facts in regard to the entry of said judgment are as follows: That on said 5th day of October, 1922, the petitioner, M. T. January, was subpoenaed as a witness before the grand jury of Vernon County, Missouri, then lawfully in session at Nevada, Vernon County, Missouri; that said M. T. January, in response to said subpoena to appear before the said grand jury on said date, did so appear, and that the following question was propounded to him by the foreman of the grand jury: 'Have you purchased any intoxicating liquor in Vernon County, Missouri, within the last twelve months?' That the said M. T. January refused to answer said question on the ground that an answer to the same might incriminate him; that said witness claimed his right to refuse to answer such question under the provisions of Section 23 of Article 2 of the Constitution of Missouri, and so stated to the grand jury at the time; that thereupon the foreman of the grand jury took said witness before the Hon. B. G. Thurman, Circuit Judge of Vernon County, Missouri, said circuit court being in session at the time; that the facts of witness's refusal and the question propounded to him, and the ground of his refusal, were all repeated by the foreman of the grand jury and by the witness M. T. January to the said circuit judge; that thereupon the said Hon. B. G. Thurman, Circuit Judge of Vernon County, Missouri, ordered and directed that the witness answer said question as propounded to him by the foreman of the grand jury; that the petitioner, M. T. January, again declined to answer said question on the ground that an answer to the same might incriminate him, and claimed to said Circuit Judge of Vernon County,

Missouri, that he was entitled to refuse to answer such question under and by virtue of the provisions of Section 23 of Article 2 of the Constitution of the State of Missouri; thereupon the said circuit judge entered judgment against him adjudging him guilty of contempt, and that the commitment referred to herein was issued upon said judgment."

The only proposition presented by this record for determination by this court is whether or not the petitioner was within his constitutional rights when he, as a witness, refused to answer the question propounded to him by the Grand Jury of Vernon County, which is set out in the statement of the facts of this case.

Section 23 of Article 2 of the Constitution of this State, in so far as material in this case, reads as follows: "That no person shall be compelled to testify against himself in a criminal case."

It must be confessed that the proceedings which were being investigated by the Grand Jury of Vernon County, regarding the unlawful sale of intoxicating liquors, was a criminal proceeding within the meaning of the Constitution, but notwithstanding that fact, the Attorney-General, who represents the sheriff, contends that the purchaser of such liquor, under the laws of this State, is not a party to such crime and he cannot therefore excuse himself from testifying to such purchases made by him, on the ground that his testimony would tend to incriminate him, and cites the following cases in support of that proposition: Wakeman v. Chambers, 69 Iowa, 169; State v. Teahan, 50 Conn. 92; State v. Rand, 51 N. H. 361; Ex parte Armstrong, 30 N. B. (Canada) 423; Ex parte Barker, 30 N. B. (Canada) 406; State v. Cullins, 53 Kan. 100; Wilson v. State, 130 Ark. 204; Harris v. State, 113 Miss. 457; Lott v. United States, 205 Fed. 28.

Concede without deciding this proposition as contended for by the Attorney-General, it does not reach the real heart of this case, and therefore does not answer the

·contention made by counsel for the petitioner, for reason that this is a dual form of government of ours, the State and Federal, both of which have jurisdiction over the crimes for the sale of intoxicating liquors, and both have the power and authority to investigate such crimes, and to try to punish the criminals for such offenses, and each government may separately punish the criminal ·for the same offense, and the conviction and punishment by the one, in a particular case, is no bar to the right of the other to punish him again upon identically the same state of facts, or, in other words, the doctrine of *res adjudicata* does not apply.

The Supreme Court of the United States decided the point quite recently, in a case that went up from North Carolina, as I now remember, which I read not more than a month ago in the advance sheets of the decisions of that court, which I am unable to lay my hands on just now, but will cite it when the case is officially reported. The case referred to is that of United States v. McCann, 281 Fed. 880. While I will concede that this decision is not directly in point in the case at bar, for the reason that the petitioner is not being tried for the sale of intoxicating liquors and therefore cannot be punished for that offense, in the case that was being investigated by the grand jury when he was asked the question mentioned, and which he declined to answer, for which he was adjudged to be in contempt; but the very evidence he was called upon to give in that case might constitute one of the links of another case which might be brought against him both in the State and Federal courts. Such evidence he cannot be compelled to divulge.

This court held in the case of Ex parte Gauss, 223 Mo. 277, that a witness could not be compelled to furnish any one of the links necessary to convict him of a crime.

Suppose the rule announced in the last case cited did not exist, and that the petitioner should be required to answer the question propounded to him by the grand jury, and he should answer, "Yes," and state the person

from whom he purchased it, which as law and necessity would include the delivery of the liquor to, and the acceptance of, the same by him. While that answer could not be used against him in the case then under investigation by the grand jury, yet if it was not for the rule last announced, what would prevent the grand jury from taking up the evidence of the petitioner so wrung from him and indicting him for unlawfully having in his possession intoxicating liquors within the bounds of this State as prohibited by Section 6588, Revised Statutes 1919, as amended by the Acts of 1921, to be presently mentioned?

By Section 6588, Revised Statutes 1919, amended by Laws 1921, page 414, it is made a crime for any person to either sell, possess, give away or transport intoxicating liquors within the State of Missouri; that the only exception said statute provides is, "possession of intoxicating liquor in the private residence of the owner thereof, when such intoxicating liquor has been lawfully acquired and being lawfully used."

I respectfully submit that if the petitioner should be compelled to answer the question asked in the manner suggested, there would be no law on earth which would prevent the grand jury from indicting him on that same evidence for having in his possession intoxicating liquors within the meaning of the statute just mentioned. And what has here been said regarding such evidence would be equally true regarding proceedings of a similar nature before the Federal grand juries and the Federal courts, and he would thereby be deprived of his constitutional rights as provided for by Section 23, Article 2, of the Constitution, by being compelled to give evidence against himself in such cases.

The writ is made permanent, and the prisoner is discharged. All concur; *Graves, J.,* in separate opinion, in which all concur except *Elder, J.*

GRAVES, J. (concurring).—I agree that the prisoner should be discharged in this case under the State Con-

stitution and laws. Both "possession" and "transportation" are made offenses under the State statute. [R. S. 1919, sec. 6588; Laws 1921; p. 414.] As to whether there may be separate liabilities under both Federal and State laws, it is not necessary for an opinion in this case. In fact the relationship of those two laws are really immaterial, under the pleadings and facts. Under our State law and our Constitution, witness had the right to claim his immunity from testifying. As long as our State law makes "possession" and "transportation" crimes, and grants no immunity, such as is granted in Volstead Act, 41 Stat. at Large, p. 317, sec. 30, witnesses before state tribunals, as was petitioner here, are entitled to claim then constitutional privilege as to the giving of any evidence which would form part or a link of a chain of circumstances which would tend to prove either offense. The mere purchase of the intoxicant would be a link in the chain of either offense. *Higbee, D. E. Blair, Walker* and *James T. Blair, JJ.,* concur in these views; *Higbee, J.,* concurring in both opinions.