## M. B. HALEY V. THE STATE.

No. 11351.   Delivered January 25, 1928.

**1.—Possession of Intoxicating Liquor—Evidence—Of Defensive Theory—Erroneously Rejected.**

Where, on a trial for the unlawful possession of intoxicating liquor, it was error to refuse to permit appellant to testify that the liquor seen in his possession belonged to another person, who had carried appellant to the place where it was concealed, solely for the purpose of giving him a drink.

**2.—Same—Continued.**

"The defendant must be permitted, on his direct examination, to explain his conduct, and declaration, as he has testified to them, or as they have been described by other witnesses.  He must be permitted fully to unfold and explain his actions and to state the motives which he claims prompted them.   It is, within certain limits, relevant for him to state what intention was present in his mind when he participated in a transaction which is 'in issue.' "  See Underhill's Criminal Evidence, 3rd Ed., Sec. 113; Mayo v. State, 246 S. W. 241.

**3.—Same—Continued.**

The defendant, or any other witness, is entitled to explain any fact tending to create a distrust of his intergrity or truthfulness.   See Branch's P. C., Sec. 94.

**4.—Same—Evidence—Res Gestae—When Exculpatory—Admissible.**

It is well settled that incriminative statements of the accused, which were part of the res gestae are admissible against him, though he was under arrest and unwarned at the time.   Exculpatory statements of like character are also admissible.   See Givens v. State, 98 Tex. Crim. Rep. 651, and Gothard v. State, 99 Tex. Crim. Rep. 452.

Appeal from the District Court of Burnet County.   Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Alfred P. C. Petsch* of Fredericksburg, for appellant.   On the defendant's right to testify and explain incriminating circumstances, appellant cites:   Mayo v. State, 245 S. W. 241; Ellis v. State, 247 S. W. 509, and Warren v. State, 250 S. W. 429.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—The indictment against appellant charged him in the first count with the unlawful possession for the purpose of sale of intoxicating liquors and in the second count with the unlawful transportation of liquors capable of producing

intoxication. He was convicted upon the first count and given one year in the penitentiary.

The testimony shows that appellant at the time of the alleged commission of the offense was living with his father in Gillespie County and testimony was introduced that he bore a good reputation. He was visiting a friend and met one Sultemier by chance and it was agreed between them that they would go to a dance that night. They went to Marble Falls in Sultemier's car and leaving Marble Falls, a short distance out they left the main road and traveled what is described as a "loop" in the road, where they stopped, and, according to appellant's testimony, Sultemier alighted from the car, got a jug of whiskey hidden by the side of the road, and appellant took a drink. The car belonged to Sultemier and the whiskey was handled, apparently, by Sultemier, who was under indictment for the same offense growing out of the same transaction as was appellant. Officers hidden nearby arrested both men almost immediately after the car stopped, at which time they found the whiskey in question on the running board of the car appellant had driven to this point.

By appropriate bills of exception it is made to appear that appellant offered while on the witness stand to testify that immediately before starting out of Marble Falls, Sultemier, the owner of the car, told appellant that he had purchased some whiskey and that same would be delivered to him on the "loop" (which was the point of arrest of appellant), and that he wanted appellant to drive the car to this place so that they could take a drink; that appellant had no knowledge concerning said whiskey other than what Sultemier had told him; had no interest therein; drove to the place for no reason other than because Sultemier told him to do so, and because he, appellant, wanted to take a drink; and further, that when appellant and Sultemier reached a point some forty feet west of the place of the arrest Sultemier ordered the appellant to stop and pointing to a place in the cedars, stated: "There it is"; and that after a hurried examination, Sultemier told the appellant to drive on, and then the appellant drove to the place of arrest, when Sultemier pointed to a jug on the ground and stated, "There it is." Objections were sustained by the court to all this evidence.

It was appellant's theory that this, with his other testimony, would have shown that he was never in legal possession of the whiskey; that it was not his; that he was not at the point of arrest for any unlawful purpose, and that his act was not unlawful. His co-defendant being under indictment, had his lips sealed

by the provision of the statute which prevented his testifying, and the action of the court sealed the lips of appellant, so that his only defense was never heard by the jury.

"The defendant must be permitted on his direct examination to explain his conduct and declarations as he has testified to them or as they have been described by other witnesses. He must be permitted fully to unfold and explain his actions and to state the motives which he claims prompted them. It is, within certain limits, relevant for him to state what intention was present in his mind when he participated in a transaction which is in issue." Underhill's Criminal Evidence, 3rd Ed., Sec. 113.

It has been held that the statements or advice of a physician are admissible as explaining the possession of whiskey. Mayo v. State, 246 S. W. 241.

It seems too plain for argument that an accused ought to be given the opportunity to explain that an act shown to be criminal by the state was not in fact such.

"The defendant or any other witness is entitled to explain any fact tending to create a distrust of his integrity or truthfulness." Branch's P. C., Sec. 94, where many authorities are collated in support of the rule.

It is apparent also that the latter part of said proffered evidence, which was presented by a separate bill, was res gestae of the very transaction for which the appellant was on trial. It has been oftimes held that incriminative statements of the accused which were part of the res gestae are admissible against him, though he was under arrest at the time and unwarned. Givens v. State, 98 Tex. Crim. Rep. 651; Gothard v. State, 99 Tex. Crim. Rep. 452. We can think of no reason for refusing to permit the rule to work both ways.

Exceptions to the court's charge and refusal to give special requested charges cannot be considered because not shown to have been timely presented.

Because of the error in rejecting the above testimony, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.