THOMAS v. STATE.

Opinion delivered February 24, 1908.

1. HOMICIDE—INSTRUCTIONS AS TO BURDEN OF PROOF.—It was not error to charge the jury in a murder case in the language of the statute (Kirby's Digest, § 1765) that, the killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused," etc., where the court also charged that "the burden on the whole case is on the State; and when evidence is introduced, either on the part of the State or the defendant, which tends to justify or excuse the act of the defendant, then if such evidence, in connection with the other evidence in the case, raises in the minds of the jury a reasonable doubt as to the guilt of the defendant, the jury must acquit." (Page 359.)

2. SAME—REASONABLE DOUBT.—One accused of murder is entitled to the benefit, not only of any reasonable doubt as to his guilt, but also of any reasonable doubt as to the grade of offense of which he may be guilty. (Page 359.)

Appeal from Lee Circuit Court; *Hance N. Hutton,* Judge; affirmed.

1. The State depends for conviction upon the testimony of Alonzo Sledge, and his testimony is discredited by his own admissions, by several witnesses and by every circumstance in the case. The verdict is not supported by the evidence.

*H. F. Roleson,* for appellant.

2. At most, there could only have been a conviction for manslaughter, hence there should have been no suggestion of a shifting of the burden. Sec. 1765, Kirby's Dig., ought not to have been read to the jury. This error is emphasized by the refusal of appellant's fourth prayer for instruction. 71 Ark. 459.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

1. There is no question but that the evidence supports the verdict.

2. No error in reading the statute to the jury. The case cited by appellant does not apply. This case is governed by the rule laid down in *Petty* v. *State,* 76 Ark. 515.

BATTLE, J. Will Thomas was indicted for murder in the first degree and convicted of manslaughter.

In its charge to the jury the court read section 1765 of Kirby's Digest, as follows: "The killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide." Appellant, Will Thomas, contends that the reading of this section to the jury was prejudicial to him, because it suggested that, the killing being proved, there was a "shifting of the burden of proof" upon him. But this is not done or implied unless the killing has been proved, and there is nothing in the evidence that tends to mitigate, excuse or justify the killing. "The burden on the whole case is on the State; and when evidence is introduced, either on the part of the State or the defendant, which tends to justify or excuse the act of the defendant, then if such evidence, in connection with the other evidence in the case, raises in the minds of the jury a reasonable doubt as to the guilt of the defendant, the jury must acquit." *Cogburn* v. *State,* 76 Ark. 110. So he is entitled to the benefit of a reasonable doubt as to the grade of the offense of which he may be guilty. This was explained by the instructions of the court to the jury in this case.

The appellant asked and the court refused to give the following instruction:

"If the jury should find that the killing was done by the defendant, and that the defendant has offered evidence in mitigation or excuse, it does not therefore devolve upon the defendant to establish that excuse beyond a reasonable doubt; but, on the contrary, if the evidence touching such excuses be sufficient to raise in the minds of the jury a reasonable doubt that the defendant did the killing in a manner and form set out in the indictment, so as to constitute one of the degrees of murder, it would be the duty of the jury to acquit. The testimony must satisfy the jury, taken as a whole, to their satisfaction beyond a reasonable doubt, that the killing was unjustifiable, before they can convict."

This instruction, so far as applicable, was covered by other instructions to the jury given at the instance of appellant, which are as follows:

"The jury are instructed that the defendant is presumed to be innocent until his guilt is established by the testimony to the satisfaction of the jury beyond a reasonable doubt. This presumption attends him throughout the trial, and, unless upon the whole testimony the jury have arrived at a settled, fixed, satisfactory and abiding conclusion of his guilt, he should be acquitted."

"You are instructed that the burden is on the State to prove that the defendant is guilty as charged in the indictment; and if the evidence fails to satisfy your mind beyond a reasonable doubt of the guilt of the defendant, then it is your duty to give him the benefit of such doubt and acquit. If any reasonable view of the evidence is, or can be, adopted which admits of a reasonable doubt of the guilt of the defendant, then it is your duty to adopt such view and acquit."

Appellant insists that the evidence adduced in his trial was not sufficient to sustain the verdict. The jury were the judges of the credibility of the witnesses and the weight of their evidence. It was within their province to determine whether he was guilty according to the evidence and the instructions of the court. They have found according to this rule that he is guilty of manslaughter. The evidence is sufficient to sustain their verdict.

Judgment affirmed.