## McCain *v.* State.

### Opinion delivered May 7, 1917.

1. EVIDENCE—BIAS OF WITNESS—HOW PROVED.—Where a witness gives a false answer to a question which would reveal his bias, the falsity of the answer may be shown by other testimony.

2. EVIDENCE—CONTRADICTION OF WITNESS.—It is competent to contradict the testimony of a witness relative to statements or expressions made by such witness tending to show bias or undue feeling against a defendant.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; reversed.

*W. F. Denman* and *J. O. A. Bush,* for appellant.

1. The court erred in not allowing the witness Denman to answer the question showing Smith a biased witness. 52 Ark. 273; Jones on Evidence, § 828. This was not a collateral matter.

2. The court erred in its instructions. 144 S. W. 485-7; 2 Bish. Cr. Proc. (4 ed.), § 611; Wharton on Homicide (3 ed.), § 263; 110 Ark. 15.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. There was no error in refusing to permit Denman to contradict Smith on cross-examination. Where a witness is cross-examined on a collateral issue, his answer can not be subsequently contradicted by the party putting the question. 103 Ark. 119; 117 *Id.* 64; 34 *Id.* 480; 1 Wharton on Ev., § 599.

2. There is no error in the court's charge. 93 Ark. 409; 72 *Id.* 427; 144 S. W. 487; 121 N. C. 684; 121 Mo. 405; 119 Iowa 1; 153 Pa. 452; 168 Ill. 93.

SMITH, J. Appellant was convicted of murder in the second degree, and at his trial one Perry Smith gave testimony of a highly damaging character against him. This testimony was in direct conflict with the testimony of appellant and of the witnesses in his behalf, and, by way of impeachment of Smith, appellant undertook to show the bias of the witness. As tending to show this bias, the

witness was asked if he had not told Judge Denman, on the day that Slagle (the deceased) was killed, that, if he had had a pistol, he (Smith) would have killed appellant himself. Smith denied having made this statement. Denman was called and asked if Smith had not made this statement to him; but the court refused to permit Denman to answer.

In defense of this action of the court, the rule is invoked that, where a witness is cross-examined on a matter collateral to the issue, his answer can not subsequently be contradicted by the party asking the question. But this rule is not applicable here, for the bias of a witness is not a collateral matter, and, if the witness gives a false answer to a question which would reveal the bias, the falsity of the answer may be shown by other testimony. As was said in the case of *Peters* v. *State*, 103 Ark. 125, "It is competent to contradict the testimony of a witness relative to statements or expressions made by such witness tending to show bias or undue feeling against a defendant." See, also, *Crumpton* v. *State*, 52 Ark. 273; *Butler* v. *State*, 34 Ark. 480; *K. C. So. Ry. Co.* v. *Belknap*, 80 Ark. 587; *Hinson* v. *State*, 76 Ark. 366; *Adams* v. *State*, 93 Ark. 260; *Billings* v. *State*, 52 Ark. 303.

Error is assigned in the refusal of the court to give an instruction numbered 5, asked by appellant. But insofar as this instruction correctly declared the law applicable to the theory of the defense, it may be said that the law was covered by instructions 1, 2 and 3, given at the request of the appellant.

Other assignments of error are discussed in the briefs; but they relate to matters which are not likely to recur at the next trial, or to questions too well settled to require further discussion.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.