ELLIS v. STATE.

Opinion delivered April 8, 1918.

1. LIQUOR—ACT OF INTERMEDIARY—ILLEGAL SALE.—One who acts as middleman in the unlawful sale of intoxicating liquors and thereby induces the transaction is guilty, although he receive no pecuniary benefit from the sale. In order to escape criminal responsibility he must act solely for the buyer.

2. LIQUOR—SALE BY INTERMEDIARY—JURY QUESTION.—In a prosecution for the illegal sale of liquor, whether defendant acted solely as agent for one B., whom he testified gave him the money to make the purchase, in buying the whiskey, or whether defendants' claim of agency was merely a shift or device to conceal an unlawful sale by himself, are questions of fact to be determined by the jury.

3. LIQUOR—SALE BY INTERMEDIARY.—The test of criminal responsibility by an intermediary in the purchase and sale of liquor, is whether the intermediary in good faith acted only for the buyer in the purchase of the liquor, or merely pretended to act for the buyer as a subterfuge to evade the law. This question should be submitted to the jury.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; reversed.

*J. O. A. Bush,* for appellant.

Instruction No. 1 asked by defendant should have been given. 130 Ark. 175; 124 Ark. 478.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The instruction was properly refused. 130 Ark. 322; 105 Ark. 462.

2. Defendant's own testimony shows he was guilty. 104 Ark. 317; 100 *Id.* 139; 14 *Id.* 114.

HART, J., Cleveland Ellis prosecutes this appeal to reverse a judgment against him for the crime of selling whiskey contrary to the laws of the State.

Claude Ranes, a witness for the State, testified: That in November, 1916, William Beard in Nevada County, Arkansas, in his presence gave Cleveland Ellis some money and told him to get him some alcohol and bring it to him; that the parties then separated and sometime afterwards, Cleveland Ellis brought a pint of alcohol, delivered it to the witness, and Beard came along and took it out of the witness' pocket; that he then gave witness a drink of it.

It was also shown that Beard was sick on the day of the trial and unable to attend court and that Cleveland

Ellis sought to conceal himself when the officer went for him.

Cleveland Ellis for himself testified that Beard pitched him a half dollar and asked him if he knew where he could get any whiskey; that he told him that he did not; that Beard then said, "You hunt around here and see if you can get any and get me a half pint;" that he then told Beard that he would get him some if he could; that he went off and as he was going along the street another negro asked if he wanted anything to drink; that he replied not in particular; that the other negro insisted that he should take a pint; that he did so and paid for it with the half dollar which Beard had given him; that this was all the money he had; that he did not know the person from whom he bought the liquor; that he purchased it solely for the accommodation of Beard and Ranes and at their request; that he did not make anything out of the transaction at all and had never before seen the person from whom he bought the liquor; that the transaction in question occurred in town and that he lived out in the country about five miles.

At the request of the State the court gave to the jury the following instruction: "The defendant contends and testifies that he did not sell the whiskey himself, but acted as the mere agent of the purchaser, the man for whom the liquor was being purchased or procured, and that he had no interest in it. As to that defense the court will say this: If you find from the evidence in this case, beyond a reasonable doubt, that the defendant did not sell the whiskey himself but that he acted as the intermediary between the buyer and seller, and in that way aided and abetted and assisted the seller in making the sale, then he is guilty just the same as if he had sold the whiskey himself. That is a question for the jury to find from the evidence.

Counsel for the defendant objected to the action of the court in giving this instruction and saved his exceptions thereto. He then asked the court to instruct the jury

as follows: "You are instructed that before you can convict the defendant you must find from the evidence, beyond a reasonable doubt, that he either sold or was interested in the sale of alcohol or whiskey, as alleged in the indictment. And if you find that the defendant had no interest in the sale and was the mere agent of Beard, or the witness, Ranes, then you will find him not guilty."

An exception was duly saved to the action of the court in refusing to give this instruction. It is now insisted that the judgment should be reversed because the court refused to give this instruction.

In *Bobo* v. *State,* 105 Ark. 462, and other decisions of this court, it has been held that, one who acts as middleman in the unlawful sale of intoxicating liquors and thereby induces the transaction is guilty although he may receive no pecuniary benefit from the sale. In order to escape criminal responsibility he must act solely for the buyer. If go-betweens in transactions of this sort are only to be treated as agents of the buyer, a most effective device for evading the law would be established.

In the present case the jury might have legally inferred that Ellis was acting in some capacity other than that of assisting a friend or solely as agent of the purchaser. His guilt or innocence depended upon whether or not he in good faith acted only for the buyer in the purchase of the alcohol, or merely pretended to act for the buyer as a subterfuge to evade the law. Whether Ellis acted solely as agent of Beard in buying the whiskey, or whether his claim of agency was merely a shift or device to conceal an unlawful sale of alcohol by himself was a question of fact to be determined by the jury. The instruction copied above given by the court at the instance of the State only covered the theory of the State. The accused had a right to have an instruction defining the law as applicable to his theory of the case and covering his defense. This was not done in any instruction given by the court. Therefore the court erred in refusing to

give the instruction above set forth asked by the defendant.

For that error the judgment must be reversed and the cause remanded for a new trial.