HARRIS v. STATE.

Opinion delivered October 6, 1919.

1. CRIMINAL LAW—MISJOINDER OF OFFENSES—REMEDY—DEMURRER.—By demurrer is the proper method of raising the question of misjoinder of offenses in one indictment.

2. CRIMINAL LAW — INDICTMENT — ONE OFFENSE COMMITTED TWO WAYS.—An indictment may charge the commission of a single offense but by different ways.

3. SAME—SAME—IMPROPER CAPTION.—An improper caption to an indictment will not invalidate it, when it sets out facts constituting an offense under the law.

4. LIQUOR—SALE OF—PRINCIPAL AND ACCESSORY.—The first count of an indictment charged the sale of liquor made by appellant himself; the second count charged the offense to have been committed by a sale made by one E., appellant being present aiding and abetting. Held, under either count appellant was guilty as principal, and that the two counts charge merely two methods of commission of the same offense.

5. APPEAL AND ERROR — CRIMINAL LAW — INDICTMENT WITH TWO COUNTS—ACQUITTAL ON ONE, CONVICTION ON OTHER—PRACTICE ON REVERSAL.—An indictment charged the commission of a crime by two methods. Appellant was acquitted on the first count, but convicted on the second. Where the judgment of conviction is reversed, there may be a second trial under the second count of the indictment.

6.  LIQUOR—SALE OF—PURCHASER.—One who assists the purchaser in buying intoxicating liquors, and confines his participation in the transaction exclusively to the buying, and not to the selling, is not guilty of any offense.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*W. N. Ivie,* for appellant.

1.  The demurrer to the second count of indictment should have been sustained. Each count is a separate and distinct charge—a separate indictment. Clark, Crim. Proc., 288; 3 Ark. 84. Under sections 1560-3, Kirby's Digest, the indictment does not state facts sufficient to make defendant guilty of being an accessory before the fact. 43 Ark. 99, 149; 56 Id. 515.

2.  The court erred in overruling motion in arrest of judgment. 16 C. J. 134, § 126; 100 Ark. 195; 29 *Id.* 68; 96 *Id.* 58; 108 *Id.* 447; 42 *Id.* 94; 16 C. J., p. 1107, § 2595; 170 U. S. 262; *Ib.* 402; 104 Ark. 245.

3.  The continuance should have been granted; defendant was entitled to have compulsory process for his witnesses. 50 Ark. 161; 99 *Id.* 394.

4.  The court erred in admitting testimony and in its instructions to the jury. 16 C. J., p. 971, § 2369, and p. 272, § 2370.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1.  The demurrer was properly overruled, as it charged only the same offense committed by different means and different modes. One can be indicted as a principal and also as accessory to a crime in the same indictment. 42 Ark. 105; 50 *Id.* 305; 59 *Id.* 422; Kirby's Digest, § § 1560-1-3; 96 Ark. 58; 108 *Id.* 447. The name of a crime is controlled by the specific acts charged and an erroneous name does not vitiate the indictment. 130 Ark. 457; 34 *Id.* 275; 71 *Id.* 80; 77 *Id.* 480; 102 *Id.* 651. The second count does not charge defendant with two offenses as being both principal and accessory, but if so that can not

be raised by demurrer, but only by motion to require the State to elect. 133 Ark. 243.

2. The motion in arrest and for continuance was properly overruled and there was no error in admitting testimony nor in the instructions. Instruction No. 2 was covered by Nos. 1 and 3, given for defendant.

McCULLOCH, C. J. An indictment against appellant with two counts was returned by the grand jury of Johnson County, which, omitting the caption, reads as follows:

"The said John Henry Harris, in the county and State aforesaid, on the 15th day of March, 1919, did wilfully, unlawfully, and feloniously sell and give away, and was wilfully, unlawfully and feloniously interested in the sale and giving away of ardent, vinous, malt, spirituous and fermented liquors and alcoholic spirits, and a certain compound and preparation commonly called tonics, bitters and medicated liquors, to one J. W. Carter, against the peace and dignity of the State.

COUNT 2.

"And the grand jury aforesaid, in the name and by the authority aforesaid, further accuses the said John Henry Harris of the crime of accessory to the sale of liquor, committed as follows, to-wit: The said John Henry Harris, in the county and State, and at the time aforesaid, did wilfully, unlawfully and feloniously did assist, abet, advise and encourage, and was wilfully, unlawfully and feloniously present, aiding, abetting and assisting, and ready and consenting to aid and abet in the commission of a felony, to-wit: The sale of liquor, which said felony was committed as follows: One Walter Evans, in the county and State aforesaid, on the 15th day of March, 1919, did wilfully, unlawfully and feloniously sell and give away, and was wilfully, unlawfully and feloniously interested in the sale and giving away of ardent, vinous, malt, spirituous and fermented liquors and alcoholic spirits, and a certain compound and preparation thereof, commonly called tonics, bitters and medicated liquors to one J. W. Carter, at which unlawful and felo-

nious sale of liquor by the said Walter Evans to the said J. W. Carter aforesaid the said John Henry Harris did wilfully, unlawfully and feloniously aid, assist, abet, advise, encourage, and was unlawfully and feloniously present, aiding and abetting and ready and consenting to aid and abet as aforesaid, against the peace and dignity of the State of Arkansas.''

There was a trial on both counts, which resulted in a verdict of conviction on the second count. Before the commencement of the trial appellant demurred to the indictment on the grounds that the same did not state facts sufficient to constitute a public offense, and that there was an improper joinder of separate offenses. There was also a demurrer specifically directed to the second count of the indictment on the same grounds set forth above. The court overruled each of the demurrers, and exceptions were duly saved.

(1) It is insisted on behalf of the State that the defect of misjoinder cannot be reached by demurrer and can be reached only by motion to require the State to elect, and the case of *Gramlich* v. *State,* 135 Ark. 243, is cited in support of that contention. Such indeed was the ruling of the court in that case, but upon further consideration it seems clear that the ruling was not in accordance with our statute and the former decisions of the court on the subject, and it is now disapproved. The statute (Kirby's Digest, section 2286) expressly provides that a demurrer is the proper plea where more than one offense is charged in the indictment, and we have followed that statute in several instances by holding that demurrer is the proper method of raising the question of misjoinder of offenses in one indictment. *Ince* v. *State,* 77 Ark. 426; *Mears* v. *State,* 84 Ark. 136.

(2) The indictment, giving it the interpretation contended for by counsel for appellant, merely charges two offenses committed in different methods, which could be joined in the same indictment. *Lay* v. *State,* 42 Ark. 105; *Corley* v. *State,* 50 Ark. 305; *Gill* v. *State,* 59 Ark. 422.

(3-4) The further contention that there is an attempt in the second count to charge two offenses—that of being principal and of being accessory—is equally untenable, for, if an offense is properly charged as having been committed, it is with respect to one of the modes and not two. The facts alleged in that count that appellant was present, aiding and abetting a sale made by Walter Evans constitute, under the statute (Kirby's Digest, section 1563), a charge of the commission of an offense as principal, but the caption erroneously characterizes the method of committing the offense as accessory before the fact. This improper characterization does not invalidate the indictment as one charging the offense which the facts set forth in the indictment constitutes under the law. *Speer* v. *State,* 130 Ark. 457. We decided in *Larimore* v. *State,* 84 Ark. 606, that in an indictment for accessory before the fact to the commission of a felony an express affirmation of the absence of the accused at the time of the commission of the principal offense was not essential to the validity of the indictment. The statute (Kirby's Digest, section 1563) provides that persons who were present, aiding and abetting the commission of a felony are deemed principal offenders and must be indicted as such, and the affirmative allegation in this indictment that appellant was present makes him a principal. The first count charges the commission of the offense by a sale made by appellant himself, and the second count charges the offense to have been committed by a sale made by Walter Evans, appellant being present aiding and abetting. Under either count, he was guilty as principal and the two counts merely charge two methods of commission of the same offense. Our conclusion, therefore, is that the demurrers were properly overruled.

(5) The verdict operated as an acquittal of appellant of the offense charged in the first count of the indictment, but this does not bar another trial under the second count of the indictment if it be found that there are other errors in the proceedings which call for a reversal of the judgment. The first count was sufficient to charge the

commission of the offense in either of the modes mentioned, and an acquittal would have barred any further prosecution if there had been no other count in the indictment; but, since the jury has found appellant guilty of the commission of the crime committed by the method charged in the second count of the indictment, the acquittal under the first count does not operate as a bar to a further prosecution of the offense as alleged to have been committed under the second count.

(6) Appellant requested the court to give an instruction in the following words:

"You are instructed that one who assists the purchaser in buying intoxicating liquors, and confines his participation in the transaction exclusively to the buying, and not to the selling, is not guilty of any offense. And if you find that the defendant acted solely as the agent or messenger of the purchaser, and did not in any manner assist the seller, if you find there was a sale, and that he had no pecuniary or other interest in the sale, he would not be guilty under the law. In other words, if defendant's interest, if any, was solely in the purchase, and his efforts, if any, where directed solely to the buying or aiding in the purchase, if you find there was a purchase, then you will find him not guilty."

The court refused to give the instruction as requested, but modified it and gave it with the words "on the first count of the indictment" added at the end. Proper exceptions were saved, and it is now urged that this was error which calls for reversal. We are of the opinion that appellant was entitled to the instruction as requested and that the court erred in refusing the request and in modifying the instruction limiting its operation to the first count of the indictment. It is conceded by the Attorney General that the instruction as requested correctly states the law on that subject in accordance with the decisions of this court. *Bobo* v. *State,* 105 Ark. 462; *Wilson* v. *State,* 130 Ark. 204; *Ellis* v. *State,* 133 Ark. 540. That being true, appellant was entitled to have his theory of the case submitted in the consideration of the

charge involved in the second count. In fact, the instruction was not applicable to the commission of the crime in the method set forth in the first count, that is to say under the charge of a direct sale made by appellant himself, but in the second count he was charged with being present, aiding and abetting Evans in the sale, and this instruction was peculiarly applicable to the charge of the offense in that form. Appellant testified that his only participation with the transaction was in connection with one Patrick who purchased liquor from Evans. His contention was that he merely joined Patrick in the purchase of liquor or assisted Patrick in the purchase. The court gave an instruction defining what would constitute such an interest in the sale as would make appellant a guilty participant therein, but that instruction makes no reference to his participation merely as the agent or associate of the purchaser and does not cover the theory of the case set forth in the refused instruction which appellant requested.

There are other assignments of error which, in view of another trial of the case, are unnecessary to discuss.

For the error indicated in refusing to give instruction No. 1, the judgment is reversed and the case remanded for a new trial.