## WASHINGTON *v.* STATE.

Opinion delivered April 20, 1931.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the circuit court of Hempstead County for unlawfully selling or being interested in the sale of intoxicating liquor, and, as a punishment therefor, was adjudged to serve a term of one year in the State Penitentiary, from which judgment an appeal has been duly prosecuted to this court.

No abstract or brief has been filed on behalf of appellant, but, the conviction being for a felony, it is incumbent upon this court to explore the record to ascertain whether any reversible error was committed in the trial of the cause.

A careful examination of the record reflects that the issue of whether appellant was interested in the sale of a pint of whiskey to Porter McClary on or about the 8th day of April, 1930, was submitted to the jury for decision under correct instructions. The jury was specifically and clearly instructed to acquit appellant if he represented Porter McClary in the purchase of the whiskey and should only convict him in case he was the agent of or assisting the seller in the sale thereof. This was a correct declaration of the law as announced in the case of *Ellis* v. *State,* 133 Ark. 540, 202 S. W. 702, and the cases cited therein.

We also find from an examination of the record that the sufficiency of the evidence to support the verdict and judgment was raised in the motion for a new trial, which motion was overruled by the court.

The evidence introduced by the State was of a substantial nature and ample to sustain the verdict and consequent judgment of conviction. Porter McClary testified for the State, in substance, that he went to the

store of appellant on or about the eighth day of April, 1930, to buy some whiskey; that he told appellant he wanted to buy some whiskey and was directed by him to go down the road and overtake George Linton and bring him back to the store; that he did so, and upon Linton's return, appellant conversed with him; that Linton then went across the road into the woods and, after he had done so, witness paid appellant $1.25 for the whiskey; that witness returned to his car and found a pint of whiskey in a fruit jar.

It is true that appellant denied selling or being interested in the sale of the whiskey to McClary, but this denial did not necessarily work his acquittal. It simply presented a disputed question of fact for determination of the jury under the decisions cited above. The testimony of McClary was of a substantial nature and sufficient, if believed, to sustain the conviction of appellant.

No error appearing, the judgment is affirmed.