DIXON *v.* STATE.

Crim. 3950

Opinion delivered October 21, 1935.

P. L. *Smith*, for appellant.

Carl E. *Bailey*, Attorney General, and *Guy. E. Williams*, Assistant, for appellee.

JOHNSON, C. J. This is the second appearance of this case here, and those possessed of sufficient curiosity are referred to the statement of facts as they appear on former appeal. 189 Ark. 812, 75 S. W. (2d) 242. In reference to the surrounding facts and circumstances of the killing, the testimony on this appeal is substantially the same as that presented on the former appeal, and we there said of it: "There was testimony corroborating and other testimony contradicting the testimony given by Alberta, but it is unimportant to set it out, as the question of her veracity was one for the jury, and her testimony above recited was sufficient to sustain not only the verdict returned, but would have supported a conviction for the highest degree of homicide." 189 Ark. 813, 75 S. W. (2d) 242. The conviction here complained of was for murder in the second degree, as was the former conviction, but the punishment was reduced to five years.

Appellant's primary contentions on this appeal are of errors which arise out of instructions, requested, given, or refused. For instance, it is urged that the court erred in giving to the jury in charge the State's requested instructions numbered 6, 7 and 8 as follows:

"6. A bare fear of those offenses, to prevent which the killing is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable person, and that the defendant really acted under their influence and not in the spirit of revenge."

"7. The killing being proved, the burden of proving the circumstances of mitigation which might justify or excuse the homicide shall develop on the defendant unless the proof on the part of the State is sufficiently manifest that the crime amounted only to manslaughter or

that the defendant was justified or excused in committing the homicide.''

''8. You are told that the law has such regard for the sanctity of human life that one person shall not kill another person, even in his necessary self-defense, except as a last resort, and when he has done all in his power, consistent with his own safety, to avoid the danger and avert the necessity of the killing. So in this case, although you may believe that the deceased was making a hostile demonstration against the defendant at the time of the killing, still, if you further believe from the evidence that the defendant could have reasonably avoided any danger to himself and averted the necessity for killing the deceased, it was his duty to have done so.''

Instruction number 6 is copied from § 2374 of Crawford & Moses' Digest; number 7 is a literal copy of § 2342 of Crawford & Moses' Digest; and number 8 is grounded upon § 2375 of Crawford & Moses' Digest. Each of these instructions are applicable to the facts of this case, and are amply supported by testimony. Therefore the court did not err in giving them. *Elder* v. *State*, 69 Ark. 648, 65 S. W. 938; *McPherson* v. *State*, 29 Ark. 225; *Palmore* v. *State*, 29 Ark. 248; *Thomas* v. *State*, 85 Ark. 357, 108 S. W. 224.

Appellant's next contention is that the court erred in refusing to give to the jury in charge his requested instruction number 2, as follows: ''The theory of the State, and there has been evidence introduced, that the defendant came upon the deceased while he was stopped at a certain branch, and without provocation or previous trouble ran him up the hill and at the top of the hill after a short encounter of words shot and killed deceased. The burden is on the State to prove his case beyond a reasonable doubt, and if the evidence fails to satisfy your minds beyond a reasonable doubt of the guilt of the defendant, then it is your duty to give him the benefit of such doubt and acquit him.''

The first paragraph of this instruction is merely a narrative of certain testimony introduced in the case and presents no question of law for judicial consideration. The second paragraph states a correct declaration of

law upon the theory of reasonable doubt, but this part of the instruction was fully covered in another instruction given by the court to the jury in charge. It is also insisted that the court erred in refusing appellant's requested instruction number 7, as follows: "Evidence has been offered that the prosecuting witness, Elberta Furlow, had lived with deceased as his wife. You may consider this evidence as showing her interest in the deceased or her bias against the defendant." This requested instruction singles out the testimony of the witness, Elberta Furlow, and undertakes to give undue emphasis thereto. Such an instruction has been emphatically condemned by this court in the recent case of *Morgan* v. *State,* 189 Ark. 981, 76 S. W. (2d) 79. No error therefore is made to appear from this assignment.

Other instructions given in the court's charge are criticized by appellant, but it would unduly extend this opinion to here set them out or discuss them in detail. It suffices to say that we have carefully read and considered all requested, refused and granted instructions, and no error appears therein.

Lastly, appellant contends that the verdict of the jury is not responsive to the State's theory of this case nor to the appellant's theory. This contention has been urged upon this court many, many times but we have uniformly held that, if the testimony is sufficient to support a higher degree of homicide than that for which the accused had been convicted, it will not be reversed on appeal. *Armstrong* v. *State,* 171 Ark. 1136, 287 S. W. 590.

The appellant has had a fair and impartial trial, and the testimony is amply sufficient to sustain the jury's verdict, therefore the judgment is affirmed.