GENTRY v. STATE.

4195                                        147 S. W. 2d 1

Opinion delivered January 20, 1941.

*McDaniel & Crow,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HOLT, J. This appeal is from a judgment sentencing appellant to a term of seven years in the state penitentiary, upon conviction of voluntary manslaughter, on an information charging murder in the second degree.

Assignments of error for review here are: (1) That the evidence was not sufficient to support the verdict and was the result of passion and prejudice, (2) That the trial court erred in denying appellant's motion for a continuance, (3) That the court erred in refusing to modify the state's instruction No. 5, at appellant's request, and in giving appellant's instruction No. 14 as modified.

I.

The testimony on the part of the state was to the effect that appellant, Joda Gentry, became acquainted with Ruth Parker, a half-sister of the deceased, Ed Hedley, when he went to deceased's home to purchase home brew. Shortly thereafter he began keeping company with Ruth Parker. Ruth was 19 years of age; the appellant was 44 and married. The record reflects that a short time before appellant's fatal encounter with the deceased, appellant had slapped Ruth Parker and as a result ill feeling developed between appellant and deceased, and deceased ordered appellant to stay away from his home.

Appellant and deceased did not meet again until the day of the tragedy. On that occasion, appellant, in company with Ruth Parker and two others, was driving in his automobile to Sheridan, Arkansas. While on the road, at about the noon hour, they met the deceased, who stopped them. After appellant stopped his car, the evidence is conflicting as to whether deceased walked around

to the side of the car on which Ruth Parker was sitting and removed her from the car, or whether he remained on appellant's side of the car.

Appellant and deceased began an argument about Ruth Parker being in the car with appellant, and from the testimony of Ruth Parker, deceased said to appellant, "I said I did not want to see you with her any more or down here any more," and Ed told her to get out of the car. Appellant replied that it was nothing to Ed that "she is of age," and Ed answered "Yes, but you are married."

She further testified that Ed walked over to appellant's side of the car and that appellant was out of the car when Ed went around. Appellant had a hatchet in his hand and struck the first lick. Appellant carried a hatchet in his car under the front seat. It had been there for sometime and appellant, when asked about the hatchet by Ruth Parker, said he didn't know what kind of trouble he might get into. Appellant struck the deceased on the left arm with the hatchet, rendering the arm useless. An artery was severed by the blow, causing a great loss of blood, from which, according to the testimony of Dr. M. J. Kilbury, Ed Hedley died some three hours later.

Ruth Parker's testimony is corroborated by two other eye-witnesses, Melba Poe and Mrs. J. H. Nantz. Louis McCright testified that appellant admitted in his presence that he had kicked the deceased several times during the encounter. There was other evidence on the part of the state of probative value.

When we view all the evidence in the light most favorable to the state, as we must do, if there is any substantial evidence to support the verdict, it will be sustained. *Budd* v. *State,* 198 Ark. 869, 131 S. W. 2d 933. We are clearly of the view that the evidence as reflected by this record is ample to support the verdict rendered.

We are also unable to find anything in the record to indicate that the jury's verdict was the result of passion or prejudice.

## II.

Appellant next complains because the court overruled his motion for a continuance. By this motion he sought to postpone the trial until he could procure the attendance of a witness, Ruby Lloyd. We think this assignment is without merit.

On this point the record reflects that the crime was committed April 30, 1940, appellant was arrested May 2, 1940, and put to trial September 9, 1940. It was the duty of appellant to furnish the clerk of the circuit court with a list of all witnesses whom he desired subpoenaed in his behalf. The clerk of the circuit court testified that he was not asked by appellant to subpoena Ruby Lloyd.

Mrs. Agnes Everett, deputy clerk, testified that appellant's attorney sent a list of names to the clerk's office to be subpoenaed and that on the list was "Ruby" with a blank after it. She found the name "Violet" on another list and Mr. Crow, appellant's attorney, directed her to issue a subpoena for Violet, which she did.

Mr. Crow testified that he talked to the sheriff about the witness in question two or three times, and he said that he was unable to find her. He presumed by that that he had a subpoena for her. He further testified that he did not know until the morning of the trial, the last name of the witness, Ruby Lloyd.

It is the settled rule of this court that the question of a continuance is one resting in the sound discretion of the trial court and its action will not be disturbed on appeal unless there is shown a clear abuse of discretion. *Smith* v. *State*, 200 Ark. 1152, 143 S. W. 2d 190. We think no abuse of discretion has been shown here. Appellant in this case has failed to show proper diligence in his efforts to secure the attendance of the witness in question. In fact appellant admits that he did not even know the name of this witness until the day of the trial. Ample time was afforded him from the date of the arrest of appellant on May 2, 1940, up until the day of the trial September 9, 1940, to have procured this information.

Appellant next complains because of the action of the trial court in giving instruction No. 5 on behalf of the state. This instruction is a copy of § 3001 of Pope's Digest on the question of self defense. This court has repeatedly ruled that instructions which follow the wording of the statute, and are applicable to the facts in the particular case, are always proper. In the late case of *Dixon* v. *State,* 191 Ark. 526, 87 S. W. 2d 17, this court said: "Instruction No. 6 is copied from § 2374 of Crawford & Moses' Digest; No. 7 is a literal copy of § 2342 of Crawford & Moses' Digest; and No. 8 is grounded upon § 2375 of Crawford & Moses' Digest [now § 3001 of Pope's Digest]. Each of these instructions is applicable to the facts of this case, and are amply supported by testimony. Therefore the court did not err in giving them. *Elder* v. *State,* 69 Ark. 648, 65 S. W. 938, 86 Am. St. Rep. 220; *McPherson* v. *State,* 29 Ark. 225; *Palmore* v. *State,* 29 Ark. 248; *Thomas* v. *State,* 85 Ark. 357, 108 S. W. 224."

We think the instruction as given was clearly applicable to the facts in the instant case, and, therefore, the trial court did not err in giving it.

Finally appellant complains because the court modified his requested instruction No. 14. As given the instruction is: "You are instructed that the defendant is a competent witness in his own behalf. You have no right to discredit his testimony without reason, or because he is the defendant. You are to treat his testimony the same as any other witness and subject his testimony to the same test."

The court refused to add to this instruction the following at appellant's request: ". . . and only the same tests as are literally applied to other witnesses, and while you have the right to take into consideration the interest he may have in the result of your verdict, you also have the right and it is your duty to take into consideration that he has been corroborated by other witnesses, who are creditable, if you find he has been corroborated by other creditable evidence."

We think, however, the modification was correct in view of the fact that the court in another instruction (instruction No. 10) had fully covered the duty of the jury with reference to considering the credibility of all the witnesses in the case.

In *Nicholas* v. *State,* 182 Ark. 309, 31 S. W. 2d 527, this court said: "Requested instruction No. 5 related to the manner of weighing the testimony of appellant himself. It was not error to refuse to give the instruction. The better practice is 'to allow him to take his place along with all other witnesses under the general charge relative to the credibility and weight to be attached to their testimony.' *Smith* v. *State,* 172 Ark. 156, 287 S. W. 1026."

On the whole case, no error appearing, the judgment is affirmed.