MALONE v. STATE.

4204

152 S. W. 2d 1019

Opinion delivered June 30, 1941.

*A. G. Meehan* and *John W. Moncrief*, for appellant.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellee.

MEHAFFY, J. The prosecuting attorney filed the following information against the appellants:

"I, J. B. Reed, prosecuting attorney within and for the seventeenth judicial circuit of the state of Arkansas, of which southern district Arkansas county, Arkansas, is a part, in the name and by the authority of the state of Arkansas, on oath, accuse the defendants, King Malone and Lucille Malone, of the crime of pandering, committed as follows, to-wit: The said defendants, King Malone and Lucille Malone, on the 18th day of April, A. D., 1940, in southern district Arkansas county, Arkansas, did unlawfully, wilfully, maliciously and feloniously procure for a house of prostitution and induced, persuaded, encouraged, inveigled and enticed Bonnie Shephard, a female person, to become a prostitute, against the peace and dignity of the state of Arkansas; and they did, on the 17th day of April, 1940, unlawfully, maliciously and feloniously procure for a house of prostitution and induced, persuaded, encouraged, inveigled, and enticed Dollie James, a female person, to become a prostitute, against the peace and dignity of the state of Arkansas."

On July 1, 1940, the appellants filed motion for continuance. This motion was evidently granted by the court, because the record shows that no further steps were taken in the case until November 25, 1940. On that date the appellants filed motion to quash, which was over-

ruled by the court, and on November 26, 1940, appellants filed demurrer to the information, which was overruled.

The case proceeded to trial against appellants on the charge as to Bonnie Shephard. Dollie James was not present and was not a witness, and there was no evidence introduced tending to prove the charge as to her.

There was sufficient evidence, if believed by the jury, to convict both appellants of the crime of pandering. This evidence was denied by appellants and their witnesses, and there being a conflict in the evidence, it was a question for the jury. The jury's finding of fact will not be disturbed by this court if there is sufficient evidence to sustain such finding.

There was a verdict of guilty and King Malone's punishment was fixed at seven years in the penitentiary. Lucille Malone's punishment was fixed at two years in the penitentiary.

It is first contended by appellants that there are two crimes charged in the information, and that both crimes are incorporated and embraced in a single count, and it is alleged that this makes the information void.

The information was not defective because it charged two offenses. This court has held that the proper manner in which to raise this question is by demurrer. *Harris* v. *State*, 140 Ark. 46, 215 S. W. 620.

The information, however, does not charge two offenses. It charges the offense of pandering and then describes the manner in which the offense was committed. Appellants were not tried for any offense except that alleged to have been committed against Bonnie Shephard.

The appellants, however, say that the fact that only Bonnie Shephard was named in the count cannot alter the rule or result, because, they say, one was the offense of procuring for a house of prostitution; the other, an offense committed against the prosecutrix. Appellants were charged with pandering and tried for this offense. The court limited the evidence to the charge concerning Bonnie Shephard, and instructed the jury only as to that part of the information concerning Bonnie Shephard.

Appellants could not have been prejudiced by the ruling of the court nor by the manner in which the crime was charged in the information.

It is next contended that it was error for the court to read the information as one of the instructions. Section 4007 of Pope's Digest reads as follows: "The prosecuting attorney may then read to the jury the indictment, and state the defendant's plea thereto, and the punishment prescribed by law for the offense, and may make a brief statement of the evidence on which the state relies."

An indictment or information is a mere formal charge against the defendant, and unless the indictment or information is read, or a statement made as to what the charge was, the jury would have no information at all about the charge.

The only case cited and relied on to support appellants' contention that it was error to read the information is *State* v. *Richards,* 234 Mo. 485, 67 S. W. 2d 58. This is a Missouri case, but the court did not hold that the reading of the information was error. It did hold that the prosecuting attorney is required, under the statute, to make a statement of the case to the jury. The reading of the information, to some extent, may be a duplication of that statement. The information is a mere formal charge, and the court said: "The reading of the information to a jury cannot, therefore, be considered as prejudicial to the defendant." The court, however, held that the affidavit of the prosecuting attorney should not be read to the jury. The Missouri statute, with reference to the reading of an information, is similar to our statute.

In the instant case the affidavit of the prosecuting attorney was not read to the jury, and there was no error in the reading of the information to the jury.

It is next contended by appellants that the court erred in reading § 3389 of Pope's Digest to the jury. That section merely defines the crime of pandering, and since this was the offense for which appellants were being tried, it was proper for the court to read this statute.

We have carefully read instruction No. 2B given by the court of its own motion, to which appellants object, and we find no error in the giving of this instruction.

It is also contended that it was error for the court to read to the jury the order of the court showing plea of insanity had been originally entered. The plea had been entered and King Malone was asked, when on the stand, if he had not, by his attorney, petitioned the court to admit him to the hospital for examination. Some controversy arose between the attorneys and the court said that the record would be the best evidence, whereupon he read the following record: "Defendant King Malone pleads insanity, and the court orders the defendant to the State Hospital for mental examination to be held for a period not to exceed 30 days."

No prejudice could have resulted from this reading. King Malone, through his attorney, had entered the plea of insanity, and the controversy with reference to this evidence occurred before the jury. The record shows that Malone did not know anything about this plea, and that the application was made by his attorney while Malone was not present.

Appellants contend that the court erred in admitting testimony that appellants' place of business was closed by order of the mayor. As a matter of fact, the appellants, themselves, in their motion for a continuance, had set up the very facts to which they now object in the testimony. It was already in the record, and there could be no prejudice in this evidence. They also set up in their motion that the entire story appeared in newspapers. The testimony offered by the state was admitted for the purpose of affecting the credibility as witnesses, and not for any other purpose.

As was said in *Dixon* v. *State*, 189 Ark. 812, 75 S. W. 2d 242: "Trial courts have a wide discretion in the admission of testimony of this character in determining whether proof of moral delinquencies is or is not too remote to have probative value."

It is also contended by appellants that the deputy prosecuting attorney stated that these defendants have been convicted in the mayor's court of operating a house of prostitution, and their place of business has been padlocked by the mayor's court. The court stated that this

argument was allowed for only one purpose; that is, as affecting the credibility of defendants as witnesses. As we have already said, the appellants themselves put this in the record. In their motion for a continuance, they alleged that they had been convicted in the mayor's court, and the place had been padlocked. Certainly, after putting it in the record themselves, they could not object to the prosecuting attorney making this statement, when they were told by the court that it was admitted solely as affecting the credibility of the appellants.

Appellants also object to a statement made during the closing argument of the prosecuting attorney, as follows: "If you turn these defendants loose for ruining this little girl, Bonnie Shephard, and go home and tell your little girls what you have done, God have mercy on your souls."

The argument of the prosecuting attorney was evidently based on the testimony of Bonnie Shephard and others, and Bonnie Shephard testified positively as to their conduct and how she had been treated by them. Moreover, no prejudice could have resulted by that statement of the prosecuting attorney, and even where error is shown, if it is manifest from the record that no prejudice resulted, this court will not reverse.

The judgment is affirmed.