## Hazel MORGAN v. STATE of Arkansas

CR 73-78                              500 S.W. 2d 83

### Opinion delivered October 1, 1973
[Rehearing denied November 5, 1973.]

*Harold L. Hall,* for appellant.

*Jim Guy Tucker,* Atty. Gen. by *O. H. Hargraves,* Deptuty Atty. Gen., for appellee.

Conley Byrd, Justice. Appellant Hazel Morgan was convicted by a jury of the crime of pandering, Ark. Stat. Ann. § 41-3208 (Repl. 1964), and sentenced to five years in the State Department of Corrections.

1. Carolyn Garcia testified: that she was encouraged to work as a prostitute for appellant on appellant's premises; that she was thirty years of age and had been married five times; that although she had never before

been a prostitute she worked for appellant at appellant's premises for four hours on a Monday and four hours on a Tuesday on a sixty-forty split and earned one hundred dollars each day.

Three other women testified that they worked as a prostitute for appellant at the same place and about the same time.

We hold this evidence to be sufficient to sustain the charge of procuring or enticing a female to become a prostitute.

2. We find no merit to the contention that the trial court erred in permitting the other women to testify that they worked as a prostitute at the same time and place. Evidence to show that appellant constantly employed other women as prostitutes was admissible to show a scheme or course of conduct. See *Boyle* v. *State,* 110 Ark. 318, 161 S.W. 1049 (1913).

3. Appellant contends that the alternative mode and means of committing the offense of pandering cannot be intermingled to arrive at an alternative way of violating the statute. The contention is without merit for in *Malone* v. *State,* 202 Ark. 796, 152 S.W. 2d 1019 (1941), it was pointed out that after charging the offense it is permissible to describe in the alternative the manner in which the female was procured, persuaded or enticed to become a prostitute. Here the matter was narrowed by a bill of particulars to charging appellant with procuring Carolyn Garcia to become a prostitute.

4. Appellant here argues that the court erred in giving State's Instruction No. 1 because it does not fully define pandering and does not state that the jury must find that appellant induced Carolyn Garcia to become a prostitute. We find no merit in the contentions. In the first place the objections now stated were not raised in the trial court. In the next place the instruction does properly define the term pandering in terms of the statute, and the other instructions pointed out that before the jury could find the defendant guilty they had

to find that she induced Carolyn Garcia to become a prostitute.

5. We find no merit in the contention that the court in giving its instructions erred in using the phrase "procuring of any female for the purpose of prostitution" instead of using the phrase "inducing the prosecuting witness to become a prostitute."

Affirmed.