## Geraldine INMAN *v.* STATE of Arkansas

CR 73-79                                              500 S.W. 2d 82

Opinion delivered October 1, 1973
[Rehearing denied November 5, 1973.]

*Harold L. Hall,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

Frank Holt, Justice. The jury convicted appellant of pandering [Ark. Stat. Ann. § 41-3208 (Repl. 1964)] and assessed her punishment at four years in the State Department of Corrections. Appellant first contends for reversal of the judgment that the evidence is insufficient to support the verdict.

The state's principal witness testified that she was a prostitute and had previously worked for the appellant. This witness stated that she called the appellant who told her that "everybody had been asking about me. . ." and "she asked me if I wanted to come back to work and I told her yes." The appellant told her she could make good money if she would work again. She then worked for the appellant as a prostitute at appellant's house and houseboat moored at the Arkansas Yacht Club. The appellant set the terms at a 60/40

fee splitting arrangement and also determined the price to be charged to the customers. In addition to providing the premises, the appellant furnished certain items, transportation back and forth from her house to her houseboat, and told the witness when to call the next day. Two other witnesses, who admitted they were prostitutes before working for appellant, testified that they also had worked for the appellant during the same year at her house and houseboat.

This evidence is amply substantial to support the jury's findings that the appellant procured, enticed and encouraged a female to remain a prostitute in violation of § 41-3208. By the comprehensive provisions of this statute, it is immaterial whether the female is virtuous or whether she consented to become or remain a prostitute. *Boyle* v. *State,* 110 Ark. 318, 161 S.W. 1049 (1913).

Other contentions for reversal were considered and determined adversely today in *Morgan* v. *State,* 255 Ark. 181, 500 S.W. 2d 83.

Affirmed.

BYRD, J., not participating.