Bobbie ROBINSON *v.* STATE of Arkansas

CR 74-43                                    510 S.W. 2d 867

Opinion delivered July 1, 1974

*McArthur & Lofton,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert S. Moore Jr.,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Bobbie Robinson was tried and convicted on September 13, 1973, for having in her possession a quantity of restricted drugs[1] for purpose of sale in violation of Act 590 of the Acts of Arkansas for 1971 as amended, and she was sentenced to three years in the state penitentiary.

On appeal to this court Bobbie Robinson contends that the trial court erred by commenting on the evidence in violation of Art. VII, § 23 of the Constitution of the state of Arkansas. She also contends that the search of the automobile in which she was a passenger and the search of her person were without probable cause, unreasonable and in violation of her constitutional rights. In connection with her first assignment, she argues that the trial court commented on the evidence in the giving of instructions Nos. 7 and 8 to the jury. We must agree with the appellant on this point.

The appellant Robinson in the case at bar was tried and convicted more than four months prior to our decision in *French* v. *State,* 256 Ark. 298, 506 S.W. 2d 820 (1974), wherein we considered for the first time and disapproved the "rebut-

[1]The drugs in this case consisted of approximately 196 hypnotic dosage units of depressant drug.

table presumption" instruction given in the statutory language of the Controlled Substances Act, Ark. Stat. Ann. § 82-2617 (Supp. 1973). In *French* the charge involved was the possession of controlled substances with intent to deliver in violation of Act 67 of 1972, § 82-2617, *supra,* and the instruction in that case, as in the case at bar, was given in form which was virtually a verbatim recitation of the statute. We have quite often approved jury instructions when couched in statutory language (*Jones* v. *City of Forrest City,* 239 Ark. 211, 388 S.W. 2d 386; *Gentry* v. *State,* 201 Ark. 729, 147 S.W. 2d 1; *Barker* v. *State,* 248 Ark. 649, 453 S.W. 2d 413). But the difficulty encountered in *French,* as in the case at bar, arises from the "rebuttable presumption" language used in the statute.

The state concedes that with the exception of the type of drug involved, the instruction No. 7 in the case at bar was identical with the instruction disapproved in *French,* but the state argues that we should reconsider the issue and affirm the propriety of the instruction as given. The "rebuttable presumption" language, as used in the statute, has nothing whatever to do with identifying the crime or fixing the punishment, it has only to do with the burden of proof and weight of evidence.

The Controlled Substances Act, § 82-2617, *supra,* classifies the controlled drugs and substances into several categories and fixes penalty for the manufacture, delivery or possession with intent to manufacture or deliver any of the controlled substances. The Act then provides as follows:

"(d) Rebuttable Presumption. Possession by any person of a quantity of any controlled substance listed in this sub-section in excess of the quantity limit set out herein, shall create a rebuttable presumption that such person possesses such controlled substance with intent to deliver in violation of Section 1 (a) and (b) [this section] of this article. Provided, however, the presumption provided for herein may be overcome by the submission of evidence sufficient to create a reasonable doubt that the person charged possessed a controlled substance with intent to deliver in violation of Section 1 (a) and (b) of this Article.

Heroin—100 milligrams
Opium—3 grams
* * *
Depressant Drug—20 hypnotic dosage units * * *."

Under the trial court's instruction No. 7 it set out the violation charged as to the possession of a depressant drug. The instruction then, in virtually the verbatim language of the statute, instructed the jury that "the possession of 20 hypnotic dosage units or more shall create rebuttable presumption that such person possesses such substances with intent to deliver provided, however, that the presumption may be overcome by the submission of evidence sufficient to create a reasonable doubt that the person charged possessed a controlled substance with intent to deliver." As already stated, the point here involved was first before us in *French* v. *State, supra,* and we find nothing in the case at bar that would justify a change from the rationale we employed in that case, wherein we said:

> "The rationale of our holdings in regard to such matters is that it is improper for a court to tell a jury that a specific fact shown by the evidence is sufficient to support a certain inference, such as guilt, negligence, malice or the like." Citing *Thiel* v. *Dove,* 229 Ark. 601, 317 S.W. 2d 121.

Consequently, we hold that the court erred in giving instruction No. 7 in the form it was given.

Instruction No. 8, as given by the court, contains language as follows:

> "[I]f you find from the evidence in this case and beyond a reasonable doubt that the defendant, Bobbie Robinson, did in Howard County, Arkansas on or about July 28, 1973, possess 20 hypnotic dosage units or more of a depressant drug with the intent to deliver, or did stand by, aid, abet or assist in the possession with intent to deliver, then you will find the defendant guilty. . . ."

We conclude that this instruction should not have been given

in the form it was given since the number of hypnotic dosage units possessed could only refer to the rebuttable presumption as set out in the Act and as given in instruction No. 7. The accused was not charged with the possession of any particular number of drug dosage units. The number of units only came out in the course of the testimony and was important only as to intent and motive of possession, and as bearing on the statutory presumption.

We find no merit to appellant's second contention. According to the testimony of Deputy Sheriff Gene Anderson and state Trooper Hendershott, Officer Anderson was working traffic in the area of a rodeo at Dierks, Arkansas, when he stopped the automobile in which the appellant was riding because the automobile was crossing the center line of the highway and Officer Anderson suspected that the driver was intoxicated. He radioed Trooper Hendershott for assistance and then stopped the automobile in which the appellant was riding.

According to Trooper Hendershott, Mr. Anderson had the vehicle stopped when he arrived at the scene in response to Anderson's radio call. He said that Deputy Anderson had a white male outside the automobile talking with him and that Mrs. Robinson was still in the automobile sitting on the passenger side of the front seat. He said he observed a paper bag on the floorboard of the automobile next to Mrs. Robinson's left leg and when he inquired as to its contents, she answered that it contained clothes and immediately picked up the bag and started stuffing some clothing into it. He said Mrs. Robinson used a constant stream of vile and profane language directed at him and Officer Anderson which indicated to him that she was under the influence of something.

Trooper Hendershott said that when Mrs. Robinson got out of the automobile at his request, she brought the paper bag with her. Both officers testified concerning Mrs. Robinson's attitude and actions in attempting to protect the contents of the bag from inspection and from view, and we are of the opinion they were justified in believing the bag might contain a weapon as they testified. According to the testimony of the officers, as they were attempting to retrieve the bag from Mrs. Robinson for the purpose of examining its contents for a

weapon, Mrs. Robinson finally slung the bag away from her. They said that when the bag fell to the ground, the bottom came out of it revealing the prohibited drugs here involved, consisting of about 196 hypnotic units.

Mrs. Robinson denied that the bag burst open as the officers testified. She said the officers poured the contents of the bag out on the ground where the drugs in question became exposed to view. She said the drugs belonged to the driver Slaten; that when she last saw them they were in a separate bag from the one she was attempting to protect from search and seizure, and she had no idea how the drugs got into the bag containing her clothes unless driver Slaten put them there while she was asleep.

According to the officers' testimony there was really no search of the automobile or of the appellant's person involved, and there was only an attempt made to search the paper bag after the appellant removed it from the automobile. We are of the opinion that Bobbie Robinson's violent reaction to questioning by the officers, as testified by them, and her apparent anxiety to protect the contents of the bag from search or exposure, certainly justified the officers in concluding that there was something in the bag she was very interested in protecting from their view, so we conclude that the officers were justified under the circumstances as testified by them, in attempting to search to paper bag for weapons.

For the error above indicated the judgment is reversed and this cause remanded for a new trial.

Reversed and remanded.