IRBY v. DAY.

Opinion delivered November 3, 1930.

596

*Baker & Gautney,* for appellant.

*Wm. F. Kirsch* and *Oliver & Oliver,* for appellee.

HUMPHREYS, J. Appellant, one of the opponents of appellee for representative in the county of Clay in the Democratic primary election, held on the 12th day of August, 1930, brought suit in the circuit court of said county to contest appellee's certificate of nomination by the county central committee, alleging that he (appellant) received 1,198 votes, a plurality of all legal votes cast for representative in said primary election, whereas appellee received 907 legal votes and 450 illegal votes, specifically charging that 450 persons in certain townships in said county voted for appellee who were not qualified electors by reason of having failed to pay their respective poll taxes as required by law.

Service was obtained upon appellee on August 23, 1930, and, on application of appellant, a special term of said court was called for September 8, 1930, to try the contest.

On the 1st day of September, 1930, eight days before the special term of court convened, appellee over appellant's objection filed a motion to quash the service upon him which the court overruled when it convened on the 8th day of September, 1930, and, reserving exception to the court's action in overruling his motion to quash the service, appellee filed, also over appellant's objection, a plea in abatement alleging that prior to November 30, 1921, appellant was postmaster at the town of St. Francis

in Clay County, Arkansas, and as such postmaster had in his custody the money received from said office, said money being the property of the United States of America; that said appellant feloniously embezzled a large sum of money, the property of the United States of America and became a fugitive from justice, concealing himself under an assumed name in the State of Mississippi; that the said Irby was indicted for embezzlement under § 225 of the Revised Criminal Code of the United States in the District Court of the United States for the Jonesboro Division of the Eastern District of Arkansas, and was arrested in the State of Mississippi and brought back to Arkansas for trial; that said cause was transferred to the Little Rock Division of said District Court for trial, and at said trial, said W. O. Irby was convicted on the 17th day of February, 1922, and sentenced to serve a year and a day in the Federal Penitentiary at Atlanta, Georgia, and that he was never pardoned.

Appellant objected to the filing of the plea in abatement because more than ten days had elapsed after the complaint had been filed and service had upon appellee.

After overruling appellant's objection to the filing of same, without waiving his objections and exceptions, appellant filed a demurrer to the plea in abatement on the following grounds:

"First: The court is without jurisdiction to hear and determine the question raised by the plea in abatement.

"Second. That the plea in abatement does not state facts sufficient to constitute a defense to plaintiff's cause of action."

The demurrer was overruled by the court, over appellant's objection and exception, and, appellant refusing to plead further, the court dismissed his complaint, from which judgment of dismissal is this appeal.

Appellant's first contention for a reversal of the judgment is that the trial court was without authority to allow appellee to file his plea in abatement after ten days

from the filing of the complaint. Appellant relies for this contention upon the last sentence in § 3772 of Crawford & Moses' Digest, the procedure section for election contests, 'which sentence is as follows: "A complaint shall be answered within ten days." It is apparent from reading Initiated Act Number 1 of the Acts of 1917, of which § 3772 of Crawford & Moses' Digest is a part, that one purpose of the act was to afford speedy trial in contested election cases, but certainly not so speedy that a contestee might not be permitted to file an answer after the expiration of ten days from the filing of the complaint if good reason is shown why the answer was not filed within the statutory period. It was not intended by the act that a contestee should be denied the right to file an answer after the lapse of ten days if he had a good excuse for not doing so and if by doing so the progress of the trial would not be delayed. These expressions as to the real purpose and intent of the act in question force us to conclude that the ten-day limit within which to file an answer in contest election cases is directory and not mandatory, and that answers may be filed in such cases after the limit within the sound discretion of the trial court. In the exercise of such discretion an unreasonable time and one that would unnecessarily delay the trial of the cause should not be allowed. It is true that this court ruled in the case of *Logan* v. *Russell,* 136 Ark. 217, 206 S. W. 131, that the statute in question was mandatory respecting the time for filing complaints in election contests, but that holding was based upon the theory that the proceeding was a special one and that the time limit within which to file the complaint was jurisdictional. Failure to file an answer in the specified time would not oust the jurisdiction of the court to try the cause. The filing of the answer has relation to procedure only and not to the matter of jurisdiction of the cause. A liberal rule may therefore be indulged relative to filing an answer, provided filing same would not interfere with a speedy trial of the cause. *Powell* v. *Horn,* 159 Ky. 532,

167 S. W. 928, 930; *Roach* v. *Malotte,* 23 Tex. Civ. App. 400, 56 S. W. 701. In the instant case the excuse for not filing the answer was that appellee, in good faith, questioned the sufficiency of the service upon him and waited for a ruling of the court on that question before filing the answer and thereby entering his appearance. Immediately after obtaining a ruling of the court upon the sufficiency of service, appellee filed his plea in abatement which did not delay the progress of the trial. The trial court did not abuse its discretion in allowing the plea to be filed.

Appellant's second and last contention for a reversal of the judgment is that the plea did not constitute a defense to the cause of action. The plea was sufficient to show that appellant was ineligible to hold the office of representative from Clay County, and for that reason had no right to contest appellee's certificate of nomination. Section 9 of article 5 of the Constitution of 1874 provides that no person convicted of embezzlement of public money shall be eligible to hold an office of representative in the General Assembly.

No error appearing, the judgment is affirmed.