STARD *v.* STATE.

4258                                    161 S. W. 2d 756

Opinion delivered May 11, 1942.

248

*Seth C. Reynolds,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Little River county, Arkansas, for stealing a red jersey heifer, the property of Dave Coulter, in said county and state in the month of June, 1940. He was adjudged to serve one year in the state penitentiary as a punishment for the crime, from which judgment he has duly prosecuted an appeal to this court.

Appellant assigns as error for the reversal of the judgment the insufficiency of the evidence to sustain the verdict and the judgment.

The state introduced Dave Coulter who testified, in substance, that he raised the heifer, that he owned her mother; that she ran on the range near Ogden; that he saw them every week or two and was absolutely certain that the jersey heifer that he found in the possession of Dave Smith was the heifer he raised and which was stolen

from him in June or July of 1940; that when she was stolen she had no calf, but that at the time he found her at Dave Smith's she had a young calf; that Dave Smith told him he had bought the heifer from appellant and paid him $50 for her; that appellant lived about one and one-half miles from the range where the heifer was raised.

The state also introduced Enos McDowell who testified that he knew this particular heifer from the time she was a calf; that he saw her on the range once or twice a week and a short time before she disappeared; that she had no brands on her when she disappeared in 1940, but when he saw her at Dave Smith's she had a blotted up brand on her.

The state also introduced W. E. McDowell who testified, in substance, that he was acquainted with Dave Coulter's cattle on the range; that Dave Coulter owned the mother of the heifer; that they had run on the range until the heifer grew up and disappeared; that he saw her later with appellant's cattle and later with Dave Smith's cattle; that she had been branded when he saw her with Dave Smith's cattle.

The state also introduced George Smith who testified that he sold the mother of the heifer to Hale and Coulter; that the heifer in question was the fourth calf from the old cow; that she ran around his house and grew up on the range until it disappeared; that his son, Dave Smith, now has the heifer; that it is Dave Coulter's heifer.

The state also introduced Dave Smith who testified that he bought the heifer from appellant after she had a calf, and that he paid him $50 for her; that she was with appellant's cattle; that she had appellant's brand on her, and that appellant claimed he owned her.

Appellant testified himself and introduced ten or twelve witnesses who corroborated his testimony that he (appellant) raised the heifer he was accused of stealing from Dave Coulter.

There was a sharp conflict between the witnesses introduced on behalf of the state and appellant's witnesses as to whether Dave Coulter raised the heifer or whether appellant raised her.

The jury found that Dave Coulter raised her, and that appellant stole her from him. In other words, they believed the testimony of the witnesses for the state and disbelieved the testimony of appellant and his witnesses.

The jury was the sole and exclusive judge of the credibility of the witnesses and the weight to be attached to the testimony of each under a correct instruction defining their province to do so.

The jury was told by the court that: "You are the sole and exclusive judges of the evidence and of the credibility of the witnesses. If you believe that any witness has willfully sworn falsely in any part of his testimony, you may consider any part of his testimony you believe to be true and disregard such parts as you do not believe to be true, and in considering the weight that should be given to the testimony of any witness, you may take into consideration his manner of testifying, his intelligence, his means of knowing the facts to which he is testifying, his interest, if any, in the result of your verdict, the reasonableness or unreasonableness of his testimony and also if he is contradicted or corroborated by other facts proven in the case."

This instruction was a correct guide for the jury to follow in dealing with the testimony in the case and its verdict will not be disturbed by this court, on appeal, if the verdict is supported by any substantial evidence. This is the rule announced in many cases by this court, as may be seen by reading the cases of *Daniels* v. *State,* 182 Ark. 564, 32 S. W. 2d 169; *Walls & Mitchell* v. *State,* 194 Ark. 578, 109 S. W. 2d 143; *Brown* v. *State,* 203 Ark. 109, 155 S. W. 2d 722; *Burrell* v. *State,* 203 Ark. 1124, 160 S. W. 2d 218.

The evidence introduced by the state, the substance of which is set out above, is substantial and tends to show that appellant within three years next before the indictment was returned against him stole a red heifer, the property of Dave Coulter, in the county and state aforesaid. His defense to the charge was that he raised the particular heifer he was charged with stealing. The jury found that Dave Coulter raised and owned her, and that

appellant took her and sold her to Dave Smith. There is nothing in the record tending to show that appellant and Dave Coulter each raised a heifer just alike. All the testimony was directed as to which of them raised the particular heifer in question. Appellant either raised her himself or branded and took possession of her and sold her to Dave Smith. The jury, under conflicting testimony, found that appellant did not raise her, but that Dave Coulter raised her, so that the only reasonable inference is that he stole her. The undisputed fact that he put his brand upon her and sold her to Dave Smith is a strong circumstance from which the jury might reasonably infer that he stole her. A short time after she disappeared from the range, the undisputed evidence shows that she was in the possession of appellant. Bearing upon the question of the effect of the possession of recently stolen property the jury were told that:

"If you find by the evidence in this case that the appellant, Isiah Stard, had in his possession the cow as alleged in the indictment, the property of the prosecuting witness, Dave Coulter, then you will consider such possession, if unexplained, as a circumstance in determining the guilt or innocence of appellant."

We think the fact that the possession of the jersey heifer was traced to appellant a short time after she disappeared from the range was sufficient to warrant the court in giving the instruction. In the case of *Davis* v. *State*, 202 Ark. 948, 154 S. W. 2d 812, this court said: ". . . The rule is well settled that the possession of property recently stolen, if unexplained to the satisfaction of the jury, is sufficient to sustain a conviction of the larceny thereof."

It is true that appellant and his witnesses attempted to explain his possession of the heifer on the theory that he had raised her and was entitled to her possession, but the explanation was not satisfactory to the jury. The jury found, as stated above, that Dave Coulter raised the heifer. There was no error in giving the instruction.

Appellant argues that all of the instructions defining the offense of grand larceny and the essential elements

necessary to constitute same had no place in the case because the testimony utterly fails to show an actual taking, or that appellant obtained possession of her against the will and consent of Dave Coulter. It is true the evidence does not show the exact time appellant obtained possession of her, but the evidence does tend to show that appellant branded the heifer and took possession of her soon after she disappeared from the range and does reflect without dispute that Dave Coulter never consented for him to take her or brand her. Appellant argues that even if it be conceded that the heifer owned by Coulter was the heifer that appellant sold to Smith the state's evidence fails to show that appellant had anything to do with taking the cow off the range, and for this reason appellant would not be guilty of anything except embezzlement, and that appellant is not indicted for embezzlement but for larceny which is a separate and distinct crime. The argument leaves out the equation that appellant branded the heifer. The branding of the heifer in appellant's own brand was a circumstance tending to show the asportation (*Reynolds* v. *State,* 199 Ark. 961, 136 S. W. 2d 1028, and *Anderson* v. *State,* 200 Ark. 516, 139 S. W. 2d 396) of her especially when he afterwards converted her to his own use by selling her. The crime of embezzlement could only exist in case appellant first came into the lawful possession of the animal and then wrongfully converted her to his own use. There is no evidence that he ever came into the lawful possession of the heifer unless he raised her. The jury has found under the conflicting evidence that he did not raise her.

Appellant objected to each and every instruction. Instructions numbers one and two as given to the jury followed the language of the statute defining larceny and are applicable to the facts revealed by the evidence. This court ruled in the case of *Gentry* v. *State,* 201 Ark. 729, 147 S. W. 2d 1, that instructions which follow the wording of the statute and are applicable to the facts in the particular case are proper and correct instructions.

The trial court correctly instructed the jury on reasonable doubt, the credibility of witnesses and the presumption of innocence.

Appellant argues and contends that the court erred in striking the word "knowingly" in its requested instruction number one. The word "knowingly" is not included in the definition of larceny in § 3129 of Pope's Digest. No prejudice resulted to appellant in striking the word "knowingly" out of the instruction because the instruction after striking the word out charged that they must find that he willfully stole the heifer and the word "willful" connotes knowledge on the part of one charged with crime.

Appellant also complains that the court improperly modified its requested instruction number four, but we do not think the modification in any way prejudiced appellant.

Upon the whole case no reversible error was committed, and the judgment is, therefore, affirmed.